EDWARD J. BERGIN, Plaintiff, *v.* JOHN J. DEERING, Appellant; GEORGE N. VERITZAN, Receiver, Respondent.

*Civil contempt of court — requisites of the order for punishment.*

An order adjudging a party guilty of a civil contempt of court is fatally defective if it does not show what the party shall do, how much he shall pay, if anything, to purge himself from contempt, and does not adjudicate that the acts done or omitted impair the rights of a party to the action.

APPEAL by the defendant, John J. Deering, from an order of the Supreme Court, made at the New York Special Term at Chambers on April 17, 1893, and entered in the office of the clerk of the city and county of New York, granting the motion made by George N. Veritzan, as receiver of the firm of Deering, Bergin & Co., to punish the defendant for contempt of court.

The order appealed from was as follows:

"A motion having been made by George N. Veritzan, receiver of the firm of Deering, Bergin & Company, why John J. Deering and James Hanse should not be punished and fined for contempt of this Court

"Now upon reading and filing the order to show cause dated March 20, 1893, the affidavit of George N. Veritzan and Edward J. Bergin, both verified March 20, 1893, and the schedule marked 'A' annexed thereto and the affidavit of John J. Deering and James Hanse, both verified March 27, 1893, and the statements thereto annexed, and after hearing Nathaniel Levy, attorney for said receiver, in favor of said motion, and James Kearney of counsel for said Deering and said Hanse in opposition thereto, and due deliberation having been had, it is

"ORDERED that the motion to punish James Hanse for contempt of court be and the same hereby is denied without costs, and it is

"Further ordered that the motion to punish John J. Deering for contempt of this court be granted with ten dollars costs, unless within five days after the entry and service of a copy of this order upon his attorney he pay over to the receiver or his attorney the sums of money collected by him since February 9, 1893, and belonging to the firm of Deering, Bergin & Company, and it is

"Further ordered that should said John J. Deering fail to comply

with the provisions of this order within five days after the entry and service of a copy of this order upon his attorney, then the order for his commitment shall be issued forthwith, and the sheriff is hereby directed to execute and enforce the same."

*James Kearney*, for the appellant.

*Nathaniel Levy*, for the respondent.

PER CURIAM:

This is an appeal from an order adjudging the defendant guilty of a civil contempt of court. The order does not describe the acts which were committed or omitted by the defendant which constituted the contempt, nor is there any adjudication that any particular acts were done or omitted which amounted to a contempt. The order does not show what the defendant shall do, or how much he shall pay, if anything, in order to purge himself from contempt, nor is it adjudicated that the acts done or omitted impair the rights of any party to the action. These three provisions are necessary parts of every order adjudging a party guilty of a civil contempt.

The order should be reversed, with ten dollars costs and disbursements.

Present — VAN BRUNT, P. J., FOLLETT and PARKER, JJ.

Order reversed, with ten dollars costs and disbursements.