In imposing the fine the learned trial justice sitting at special term did not exceed the authority given to him by statute.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.

---

SOCIALISTIC CO-OP. PUB. ASS'N v. KUHN et al.

(Supreme Court, Appellate Division, First Department. May 25, 1900.)

CONTEMPT—PUNISHMENT—STRIKING OUT ANSWER—ORDER SHOWING CONTEMPT AND INJURY.

In a civil action, before defendant can be punished for contempt of court, there must be first an adjudication that he is guilty of contempt, and that his act defeats or prejudices rights or remedies of plaintiff; and it was error to strike out defendant's answer, where there was no such adjudication.

Appeal from special term, New York county.

Action by the Socialistic Co-operative Publishing Company against Henry Kuhn and others for violating an injunction restraining defendants from publishing a newspaper. From an order striking out defendants' answer, by way of punishment for contempt, they appeal. Reversed.

Argued before PATTERSON, P. J., and RUMSEY, INGRAHAM, McLAUGHLIN, and HATCH, JJ.

Benjamin Patterson, for appellants.
Simon Sultan, for respondent.

McLAUGHLIN, J. There is no doubt that the court has the power, by way of punishment, to strike out an answer of a defendant for a contempt of court. This was settled, if any doubt theretofore existed, by the recent decision of Devlin v. Hinman, 161 N. Y. 115, 55 N. E. 386. But, in a civil action, before a defendant can be punished for a contempt of court, either by the imposition of a fine or the striking out of his answer, there must first be an adjudication that he is not only guilty of a contempt of court, but that his act of which the opposing party complains not only has a tendency to, but actually does, defeat, impair, impede, or prejudice the rights or remedies of the party complaining. Fischer v. Raab, 81 N. Y. 235; Bank v. Fitzpatrick, 80 Hun, 75, 30 N. Y. Supp. 15; Boon v. McGucken, 67 Hun, 251, 22 N. Y. Supp. 424; Coal Co. v. Hecksher, 42 Hun, 534; Sandford v. Sandford, 40 Hun, 540; Swenarton v. Shupe, Id. 41. In the order appealed from there is no adjudication either that the defendants have been guilty of a contempt, or that the acts of which the plaintiff complains have defeated or impaired, impeded or prejudiced, its rights or remedies in any respect. It is true that the order recites that the answer is stricken out "for the willful and contumacious disobedience of the defendants of the order of injunction herein, dated September 1, 1899, and for their contempt of this court." By this recital the court gives its reason for striking out the defendants' answer, but, without saying that it is not equivalent to an adjudication that the defendants have committed a contempt of court, it surely cannot be construed to adjudge that their

acts constituting such contempt defeat, impair, or prejudice the rights or remedies of the plaintiff.

For the failure, therefore, of the court to adjudge the defendants guilty of a contempt of court, and that. their acts constituting such contempt have been of injury to the plaintiff, the order appealed from must be reversed, with $10 costs and disbursements, and the motion to strike out the answer denied, with $10 costs, without prejudice, however, to the plaintiff's right to renew the motion upon other or additional papers. All concur.