(73 App. Div. 532.)

### MUTUAL MILK & CREAM CO. v. TIETJEN.

(Supreme Court, Appellate Division, First Department. June 20, 1902.)

**1. INJUNCTION—TECHNICAL CONTEMPT.**

Defendant, who had sold his milk business to plaintiff, was enjoined from engaging therein either as principal or agent, and from either personally, or by agent, servant, or employé, soliciting or interfering with any of the customers transferred to plaintiff. Plaintiff moved to resettle the order by enjoining defendant from engaging in the business as "employé," which motion was denied, and defendant was told by his counsel that he could work for his brother if he did not solicit trade. Subsequently defendant drove one of his brother's milk wagons, from which milk was delivered by a helper to former customers, and on one occasion personally delivered milk from the wagon. Held, at most, only a technical contempt, not willful, for which he might be fined the amount of damages shown to have been sustained, together with costs.

**2. SAME—ORDER—SUFFICIENCY.**

Code Civ. Proc. §§ 14, 2266, 2281, 2284, provide that a violation of an injunction to enforce a civil remedy, which "was calculated to, or actually did, defeat, impede, or prejudice the rights or remedies" of the other party, may be punished. Defendant was enjoined from engaging in the milk business, either as principal or agent, and from, either personally, or by agent, servant, or employé, soliciting or interfering with any of the customers transferred to plaintiff. An order adjudging him guilty of contempt recited that he willfully disobeyed the injunction, in that he engaged in the milk business, directly or indirectly, and became interested, directly or indirectly, in such business, and, either in his own behalf, or in behalf of some other person, solicited and interfered with plaintiff's customers. Held improperly made, because neither adjudicat-

ing definitely the facts constituting the violation, nor containing a recital of acts calculated to defeat or prejudice plaintiff's rights.

3. SAME—CRIMINAL CONTEMPT—FINE AND COSTS.

An order adjudging a defendant guilty of violating an injunction, and requiring him to pay a fine and costs to the plaintiff, cannot be considered an adjudication of a criminal contempt, under Code Civ. Proc. §§ 8, 9, providing punishment for criminal contempts, as in such case the fine belongs to the public, and not to the moving party, and costs are not allowed.

Appeal from special term, New York county.

Injunction by the Mutual Milk & Cream Company against Dietrich Tietjen. Order granting an injunction pendente lite, and from a subsequent order adjudging defendant guilty of contempt for a violation thereof, and fining him $50 and the costs of the motion, to be paid to plaintiff's attorney, and, in default thereof, providing for his commitment, defendant appeals. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, and LAUGHLIN, JJ.

J. Homer Hildreth, for appellant.

Felix H. Levy, for respondent.

LAUGHLIN, J. The action is brought to enjoin the appellant from entering upon or engaging in the milk business in the city of New York, either directly or indirectly, or becoming in any manner interested in any milk business other than that of the respondent. On the 2d day of January, 1898, the appellant was the owner of a milk business and route in said city; and he, together with many other like owners, on that day made an agreement in writing with certain trustees for a sale and transfer of the milk business to them. The agreement recites that the parties contemplated forming a corporation. The vendors covenanted that "from and after the time that the said businesses are, respectively, transferred to the said corporation, the said parties hereto agree not to enter upon their own account in any territory or district known as the 'Greater New York' for a term of twenty years from date thereof, and that they, nor either of them, will engage in the said business, either directly or indirectly, or be in any manner interested in other business, excepting that of the corporation to be formed as hereinabove stated." On the 14th day of January, 1902, the respondent obtained an injunction order restraining the appellant, pendente lite, from "in any manner entering into competition with the plaintiff, * * * or engaging in the milk business, directly or indirectly, in the territory of Greater New York, either as principal or agent, or in any form or manner doing or becoming interested in any milk business other than that of" the plaintiff, and "from in any manner injuring, impairing, or destroying the good will transferred from said defendant" to the plaintiff, and from, "either personally, or by agent, servant, or employé soliciting or interfering with any of the customers transferred from this defendant to the plaintiff." In the order from which the appeal is taken it is "ordered, adjudged, and determined that the defendant, Dietrich Tietjen, is guilty of a contempt of this court, in having willfully disobeyed the injunction order, * * * in that he engaged in the milk business, directly or indi-

rectly, in the district or territory of Greater New York, and that he became interested, directly or indirectly, in a milk business other than that of the Mutual Milk & Cream Company, and that he, either on his own behalf, or on behalf of some other person, solicited and interfered with the plaintiff's customers." It appears that the appellant's brother is the owner and proprietor of a milk route in the city of New York. The moving affidavits show that on various occasions, subsequent to the sale of his milk business under said agreement, the appellant has driven one of his brother's milk wagons, from which milk has been delivered by a helper to parties who were formerly customers of the respondent, and that on one occasion the appellant personally so delivered milk from the wagon. Several of the affiants from these facts draw the inference, and give it as their belief, that the appellant is interested in the milk business, and is soliciting customers therefor, but no other facts are stated. The appellant's affidavit shows that he is employed by his brother as a driver of a milk wagon at a salary of $10 per week, and that he is in no manner interested in the business, and has not solicited any customers for his brother. The affidavit of the brother is to the same effect, and he explains how he obtained the customers who were formerly patrons of the respondent. Other affidavits are also presented, which show that the brother obtained these customers without the intervention of the appellant. The belief of the affiants that the appellant is interested or engaged in the milk business, or has solicited customers for his brother, is no proof of the fact. We have, therefore, merely proof that the appellant is acting as driver for his brother in the latter's milk business, and occasionally delivers or assists in delivering milk from the wagon to his brother's customers.

It appears that the proposed injunction order originally presented for settlement by the respondent would have enjoined the appellant, "either as principal, agent, or employé," and that the order proposed by the appellant, which was adopted by the court, omitted the word "employé." The respondent then made a motion to resettle the order by omitting the word "employé," and in other respects. The court resettled the order, modifying it in some particulars, but adhered to the omission of the word "employé." It is shown that appellant's counsel specifically drew the attention of the court to his objection to the word "employé" being incorporated, which was that it would be subject to enjoin the appellant from earning his living as an ordinary employé in the milk business of another. After the order was resettled, the appellant was then advised by his counsel that he was not restrained from working for his brother in this capacity, provided he did not solicit trade. In these circumstances, it is extremely doubtful whether the appellant violated the injunction order at all. But even if the injunction order should be construed as enjoining services such as he has rendered to his brother, at most it was only a technical contempt, for which he might be fined the amount of damages shown to have been sustained by the respondent, together with costs. Power v. Village of Athens, 19 Hun, 165; Moffat v. Herman, 116 N. Y. 131, 22 N. E. 287; Dejonge v. Brenneman, 23 Hun, 332. This, however, would require an adjudication upon competent proof not only of the facts unequivocally stated which constituted the violation of the

injunction order, but that such violation "was calculated to or actually did defeat, impair, impede or prejudice the rights or remedies" of the respondent. Code Civ. Proc. §§ 14, 2266, 2281, 2284; Association v. Kuhn, 51 App. Div. 583, 64 N. Y. Supp. 933; Daily v. Fenton, 47 App. Div. 418, 62 N. Y. Supp. 337; Mahon v. Mahon, 50 N. Y. Super. Ct. 92; Cronin v. Crooks, 76 Hun, 123, 27 N. Y. Supp. 822; Id., 143 N. Y. 352, 38 N. E. 268. The order neither adjudicates definitely the facts constituting the violation, nor does it contain even a recital that the acts of the appellant were calculated to, or did, defeat, impair, impede, or prejudice the rights or remedies of the respondent, and no damages have been shown. Nor can the order be sustained as an adjudication of a criminal contempt, under sections 8 and 9 of the Code of Civil Procedure. In such case the punishment is imposed to vindicate the dignity of the court, and in the interest of public justice, and not for the benefit of the party. The fine belongs to the public, and not to the moving party, and costs are not allowed. Boon v. McGucken, 67 Hun, 251, 22 N. Y. Supp. 424; People v. Gilmore, 88 N. Y. 628; People v. Court of Oyer and Terminer, 101 N. Y. 246–248, 4 N. E. 259, 54 Am. Rep. 691. The order, on the contrary, requires the payment of both costs and fine to the respondent's attorney. Furthermore, the facts would not justify a finding that the violation of the injunction order was willful, which is essential to authorize punishment as for a criminal contempt. It may well be that the appellant acted in entire good faith. It appears that the matter was substantially brought to the attention of the judge who made the order, and, in view of the elimination of the word "employé" from the order proposed by the respondent, the appellant should be given the benefit of the doubt; and it should not be inferred against him, as the basis of punishment for a criminal contempt, that he willfully violated the order, even assuming that it did enjoin the acts which he has performed. Railroad Co. v. Ramsey, 45 N. Y. 641; People v. Aitken, 19 Hun, 329; Billings v. Carver, 54 Barb. 40.

The observations we have made with reference to the requirement of an adjudication of the facts in the order for the punishment of a civil contempt apply equally here.

The order should therefore be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.