### TYPOTHETÆ OF CITY OF NEW YORK v. TYPOGRAPHICAL UNION NO. 6.

(Supreme Court, Special Term, New York County. July 18, 1906.)

INJUNCTION (§ 230*) — VIOLATION AND PUNISHMENT — NATURE AND FORM OF REMEDY—TITLE OF PROCEEDINGS.

A proceeding to punish defendant labor union and certain of its officers and members for contempt in the willful violation of an injunction order need not be entitled in the name of the people, and may be entitled as proceedings in the action in which the injunction order was issued, although Code Civ. Proc. § 8, makes the willful disobedience of the lawful mandate of a court a criminal contempt, instead of a civil contempt, as defined by section 14.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 504; Dec. Dig. § 230.*]

Action by the Typothetæ of the City of New York against the Typographical Union No. 6. Proceeding to punish defendant and certain of its officers and members for contempt.

See, also, 117 N. Y. Supp. 70.

Beatty & Burlingame, for plaintiff.
St. John & Talley, for defendant.

BISCHOFF, J. This proceeding is instituted to punish the defendant and certain of its officers and members for contempt in the willful violation of the injunction order granted in the action, the application being described by a subtitle: "In the Matter of the Punishment of Typographical Union No. 6, Patrick H. McCormick, and Others for Criminal Contempt." The acts of the individuals proceeded against, as set forth in the moving papers, are of a character such as would support criminal contempt proceedings, if "willful," as alleged (Code Civ. Proc. § 8), and thus the proceeding is properly to be taken to be one for a "criminal," not a "civil," contempt (Code, § 14), in accordance with the description given it by the moving party.

Objection is made by the respondents to the maintenance of the proceedings upon the ground that they should be entitled in the name of the people, not as proceedings in the action; but, in my opinion, this objection presents no irregularity. A proceeding under section 8 of the Code of Civil Procedure, founded upon a willful violation of an injunction order in a civil cause, is a civil special proceeding (People ex rel. Negus v. Dwyer, 90 N. Y. 402), while a proceeding whereby a criminal court vindicates its authority is not (90 N. Y. page 407; People, etc., v. Gilmore, 88 N. Y. 627; People ex rel. Taylor v. Forbes, 143 N. Y. 219, 38 N. E. 303). Each proceeding, however, is governed by the common provisions of sections 8 and 9 of the Code of Civil

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Procedure (People ex rel. Taylor v. Forbes, supra), whether instituted in a civil or a criminal court, and the fine imposed belongs, not to any individual concerned in the litigation, but to the people (Mut. Milk & Cream Co. v. Tietjen, 73 App. Div. 532, 77 N. Y. Supp. 287). In the absence of any statutory regulation of the subject, the practice which obtained at common law in the entitling of contempt proceedings is to be followed, and that practice is quite clearly indicated in Stafford v. Brown, 4 Paige, 361, when the distinction is made between contempts strictly criminal, contempts by third parties in the cause of civil litigation, and proceedings for contempt which arise from the violation of mandates of the court in a civil cause. In the first two classes it is pointed out that the proceedings should be entitled in the name of the people. In the last the proceeding may be entitled either in the name of the people or in the cause in which the order violated was made.

As I have noted, there are two classes of "criminal" contempts under section 8 of the Code; one class being of a character strictly criminal, and the other, involving the violation of a civil mandate, being met by proceedings strictly civil. The distinction noted, therefore, in Stafford v. Brown, would properly apply to a "criminal" contempt, such as is charged in the case at bar, and justifies the entitling of the proceedings in the cause, since the contempt, while not of the statutory class of strictly civil contempts (Code Civ. Proc. § 14), is also not strictly criminal, and the proceedings are actually civil proceedings to enforce the mandate of the court, in which enforcement the parties to the action are alone interested. The question is not one of actual substance, and, so far as the mere question of practice is concerned, the form of the proceeding as adopted, is not irregular.

Upon the merits the essential fact of a willful violation is involved in direct dispute, and it is impossible for the court to determine the questions of fact from the affidavits submitted. The plaintiff's papers would support a finding that the acts of violence and intimidation, as set forth, were instigated by the defendant and its officers; but this is matter of inference, and, if the defendant's affidavits state the true facts, this inference is materially weakened. So, too, the element of willfulness in the case of the individuals who were concerned directly in the acts charged is negatived by the opposing papers, and the circumstances of the alleged acts of violence are in such dispute that an intelligent finding of the facts is impossible. The court should be advised as to the facts by the report of a referee to take testimony and report with his opinion, the application to be brought on for final hearing upon the report.

Settle order on notice.