---

In re JONES.

(Supreme Court, Appellate Division, Fourth Department.   May 6, 1908.)

1. CONTEMPT—"CRIMINAL CONTEMPT"—WILLFULNESS.

Under Code Civ. Proc. § 8, subds. 3, 4, defining a criminal contempt of court to be willful disobedience to the court's lawful mandate or resistance willfully to its lawful mandate, a party may not be convicted of criminal contempt for failing to appear for examination as to his property in proceedings supplementary to execution on the day directed by an order rather than two days later, when he actually did appear and offer to submit to the examination in the absence of any showing that his conduct was willful and intended.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 2, pp. 1747, 1748.]

2. SAME—CIVIL CONTEMPT—PROOF OF INJURY.

He could not be punished for civil contempt, in the absence of a determination by the court ordering the punishment that his failure to appear on the very day appointed for his examination by the order of court defeated, impaired, impeded, or prejudiced in any way the rights of the judgment creditors, as expressly required by Code Civ. Proc. § 2281.

Appeal from Oneida County Court.

Action by John L. Maher and others against Robert E. Jones. There was a judgment for plaintiffs. From an order adjudging defendant guilty of contempt for disobeying an order in supplementary proceedings to appear for examination as to his property, he appeals. Reversed, and contempt proceeding dismissed.

On the 3d day of September, 1907, a judgment was duly recovered and perfected in the Justice's Court of the city of Utica in favor of John L. Maher et al. against the defendant in that action, Robert E. Jones, for $53.50 damages and $2.50 costs. A transcript of said judgment was filed and said judgment duly docketed in the office of the clerk of Oneida county on the 13th day of November, 1907. Thereafter, and on the 13th day of November, an execution against the property of the judgment debtor was duly issued out of said County Court, and delivered to the sheriff of Oneida county, where the judgment debtor resided, and thereafter and in due time the sheriff returned such execution wholly unsatisfied. Thereupon, and on the 17th day of December, 1907, an order in proceedings supplementary to execution was made by the county judge, directing the judgment debtor to appear before a referee, appointed for that purpose, on the 23d day of December, 1907, at 2 o'clock p. m., to be examined concerning his property. The judgment debtor did not appear pursuant to the directions contained in said order. Thereupon, and on the 26th day of December, 1907, upon motion of the judgment creditors, an order to show cause was made by the county judge requiring the judgment debtor to show cause why he should not be punished for contempt because of his failure to appear and be examined before the referee as directed. Upon the return of such order to show cause, and on December 30, 1907, the proceeding to punish for contempt was dismissed. Upon what ground does not appear, but, as a part of such order of dismissal, it was further ordered that the judgment debtor appear before the referee theretofore appointed on the 2d day of January, 1908, at 2 o'clock p. m., and there be examined as to his property. Such order was duly served upon the defendant, and he did not appear at the

time therein designated. His excuse for not appearing is that he understood that the judge orally named the 4th day of January, 1908, as the day upon which he was directed to appear, and that upon such last mentioned day he did appear before the referee; that the plaintiffs' attorney also was present, and that he offered to submit to an examination as to his property; that plaintiffs' attorney refused to proceed with or take such examination, but, instead, obtained an order, which was duly served upon the defendant, requiring him to show cause why he should not be punished for contempt in having failed to appear before the referee, and submit to an examination as to his property on the 2d day of January, 1908, rather than on the 4th day of January, 1908. On the return day of such order to show cause the defendant appeared, and by his affidavit stated that the oral direction given to him by the county judge was that he should appear before the referee on the 4th day of January, 1908, at 2 o'clock p. m., at which time he did appear and offer to submit to examination, and, further, that he has at all times endeavored to obey the orders of the court and to be amenable to its direction. Notwithstanding the order appealed from was made and entered. Such order does not recite, and no determination is made, that defendant's disobedience was willful; neither is there any determination as recited in the order that the defendant's failure to appear before the referee on the 2d day of January, 1908, rather than on the 4th day of said month, caused or resulted in any damages to the judgment creditors in this case.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

R. E. Jones, in pro. per.
H. C. Sholes, for respondent.

McLENNAN, P. J. From the facts which have been fully set forth in the preceding statement we think it clear that, by the order appealed from, it was sought to punish the defendant as for a civil contempt. A criminal contempt is defined in section 8 of the Code of Civil Procedure. Its provisions, so far as applicable to this case, are:

"Sub. 3. Willful disobedience to its [the court's] lawful mandate.
"Sub. 4. Resistance willfully to its lawful mandate."

In the order appealed from there is no adjudication that the conduct of the defendant in failing to appear before the referee and be examined on the 2d day of January, 1908, as to his property, rather than two days later, when he actually did appear and offer to submit to such examination, was willful and intended. Nothing appears in the record which would have supported such a determination.

What constitutes a criminal contempt and the distinction between it and a civil contempt is clearly pointed out in the case of People ex rel. v. Court of Oyer and Term., 101 N. Y. 245, 248, 4 N. E. 260, 54 Am. Rep. 691, in which Judge Finch, writing the opinion for the court, said:

"The second class of contempts consist of those whose cause and result are a violation of the rights of the public as represented by their constituted legal tribunals, and a punishment for the wrong in the interest of public justice, and not in the interest of an individual litigant. In these cases, if a fine is imposed, its maximum is limited by a fixed general law, and not at all by the needs of individuals; and its proceeds, when collected, go into the public treasury, and not into the purse of an individual suitor. The fine is punishment rather than indemnity, and, if imprisonment is added, it is in the interest of public justice and purely as a penalty, and not at all as a means of securing indemnity to an individual. Necessarily these contempts in their origin and punishment partake of the nature of crimes, which are violations of the public law, and end in the vindication of public justice; and hence are

named criminal contempts. As described in the statute, an element of willfulness or of evil intention enters into and characterizes them. They are a disturbance of the court which interferes with its performance of duty as a judicial tribunal; willful disobedience to its lawful mandate; resistance to such mandate willfully offered; contumacious and unlawful refusal to be sworn as a witness, or to answer a proper question; and publication of a false and grossly inaccurate report of its proceedings."

None of the elements recited by the learned judge are present in the case at bar, and, as we have seen, no adjudication to that effect was made by the County Court. So that we must assume that, if the defendant was guilty, it was as for a civil contempt. But the order appealed from must fail of its purpose in that regard, because there is no adjudication that because of the defendant's failure to appear on the 2d day of January, 1908, as directed by the order, the rights of the judgment creditors were defeated, impaired, impeded, or prejudiced. And, as said by Judge Daniels in Sandford v. Sandford, 40 Hun, 540:

"That fact must be ascertained and adjudged by the court directing the punishment which is to be imposed. Code Civ. Proc. § 2266, 2281; Swenarton v. Shupe, 40 Hun, 41. The order from which the appeal has been taken contains no such adjudication, and because of that omission it fails to comply with what has been directed by these sections of the statute."

. In the case of Socialistic Co-op. Pub. Ass'n v. Kuhn, 51 App. Div. 583, 64 N. Y. Supp. 933, the headnote is as follows:

"An order punishing a person for contempt of court in a civil action must contain an adjudication that he is guilty of the contempt, and that the act complained of not only has a tendency to, but actually does, defeat, impair, impede, or prejudice the rights or remedies of the complaining party. A recital that punishment is inflicted 'for the willful and contumacious disobedience of the defendants of the order of injunction herein, dated September 1, 1899, and for their contempt of this court,' is insufficient."

In the case of Boon v. McGucken, 67 Hun, 251, 22 N. Y. Supp. 424 (a case decided at the General Term of this Department), it was held:

"That, assuming the proceeding to be for civil contempt, the order could not be sustained, for the reason that it did not contain the adjudication and determination required by the Code of Civil Procedure in such a proceeding, viz., that the act complained of is one 'by which a right or remedy of a party to a civil action * * * may be defeated, impaired, impeded or prejudiced (sections 14, 2266), and that it was calculated to, and actually did, defeat, impair, impede, or prejudice the rights or remedies of a party to an action.' (Section 2281)."

Many other cases to the same effect might be cited. In the case at bar, while the affidavit, upon which the order is based, contains the general statement by the attorney for the judgment creditor "that he alleges and as he verily believes that the judgment creditors herein have been defeated in their rights and their remedy impaired by the failure of Robert E. Jones to appear as directed by the order dated December 30, 1908," there are no facts stated in support of such allegation, and, as we have seen, there is no adjudication to that effect by the court, which, under the authorities, we consider to have been essential. Indeed, upon the facts presented, it is difficult to see why the attorney for the judgment creditors did not proceed with the examination of the defendant when he appeared before the referee and offered to submit to an examination on the 4th day of January, 1908,

the referee and the attorney for the judgment creditors both being then present. There is no suggestion that any transfer of property had been made by the judgment debtor in the meantime, and, so far as appears, all the facts might have been ascertained by the judgment creditors as well on the 4th day of January as on the 2d, if their only purpose had been to procure an investigation to enable them to determine whether the judgment debtor had property subject to levy and sale under execution, or which would authorize the appointment of a receiver.

We think that the order appealed from should be reversed, with costs and disbursements, and the proceeding to punish the defendant as for a contempt should be dismissed, with $10 costs.

Order reversed, with costs, and proceeding to punish the defendant as for a contempt dismissed, with $10 costs. All concur.