PATRICK J. DOWD, Plaintiff, v. MARY IRENE DOWD and Others, Respondents. CHARLES F. BROWN, Purchaser, Appellant.— Appeal No. 1: Order granting the motion of the referee to punish Charles F. Brown, the purchaser, appellant, for contempt of court reversed on the law and the facts, with ten dollars costs and disbursements, and motion denied. Appeal No. 2: Order denying the motion of Charles F. Brown to be relieved of his bid and purchase reversed on the law and

the facts, without costs, and motion granted. These appeals were consolidated and heard together. The order granting the motion of the referee to punish the appellant purchaser for contempt of court must be reversed: *First*, because the order is defective in that there is no adjudication that the purchaser's disobedience of the order was calculated to, or actually did, defeat, impair, impede or prejudice the rights of the parties (Judiciary Law, § 770 *et seq.; Matter of Gordon* v. *Feldberg*, 149 App. Div. 246; *Bergin* v. *Deering*, 70 Hun, 381; *Mutual Milk & Cream Co.* v. *Tietjen*, 73 App. Div. 532; *Briddon* v. *Briddon*, 229 N. Y. 452); *second*, because, in our opinion, the title is in fact unmarketable. While the record before us is incomplete, it appears that one Michael W. Dowd, an owner of an undivided interest in the property, was a necessary party to the partition action in which these orders were made, notwithstanding his disappearance in 1893. Dowd was not served personally or by publication. The defect was fatal and was not cured by the determination in the action by the learned referee that Dowd was presumed to be dead. No authority has been called to our attention justifying the practice of relieving the plaintiff of the necessity of bringing in necessary parties by having them adjudged presumptively dead in the action. The order denying the motion of appellant to be relieved of his bid and purchase (Appeal No. 2) must be reversed for the second reason stated under Appeal No. 1, unless the order theretofore entered denying appellant's motion to be relieved, and from which no appeal was taken, was determinative of the motion. We are of opinion that it was not. The affidavit upon which that motion was made is not in the record before us. Subsequently the appellant procured an order to show cause on a motion for the same relief based upon an affidavit stating new facts, upon which the order under review was entered. Some of the new facts are that an order of publication was granted upon the application of the plaintiff against the missing Dowd and others subsequent to the entry of the judgment and the prior order, and later an order was obtained permitting the filing of affidavits *nunc pro tunc*. These proceedings have accentuated the defects in the title. We deem the order to show cause as leave to renew, and the application a new hearing on additional facts. The order under review does not recite the former order or deny the motion or dismiss it as once decided, but treats it as a motion *de novo*. Young, Kapper, Hagarty, Tompkins and Davis, JJ., concur.