BLACKSTONE INSTITUTE, INC., Plaintiff, *v.* JUNIUS B. AGNELLI, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, December 17, 1934.

*Reuben S. Levins,* for the plaintiff.

*Joseph V. Rubino,* for the defendant.

LEWIS, DAVID C., J. This action was originally instituted in this district. The original motion for change of venue was denied, with leave to renew. Thereafter the application was renewed and the motion granted. The plaintiff attacks the determination, claiming that the second motion was not made within ten days after the original demand for a change of venue was served; and that rule 146 of the Rules of Civil Practice controls these applications. The second motion must not be treated as an original motion, but is deemed a renewal of the original motion. (*Dowd* v. *Dowd,* 237 App. Div. 902.)

However, this court does not rest its determination solely upon that basis.

One aim of the Municipal Court of the City of New York is simplicity in procedure. This policy calls for the elimination of unnecessary motions and circuity of action.

A plaintiff institutes his action in the wrong borough. The defendant duly files his protest and proof. Thereupon, without

waiting to learn whether the plaintiff admits or denies the defendant's claims, must we require the defendant to move for a change of venue within a prescribed period?

Fortunately, the Municipal Court need not play slave to such arbitrary provisions. The hands of this court are not tied by the statute. Section 17, subdivision 2, of the Municipal Court Code gives this court the power to order a change of venue from the wrong to the right district of its own motion.

For these reasons, and guided by these principles, I cannot completely subscribe to the ruling outlined in *Rubenstein* v. *Cohen* (138 Misc. 305).

Motion for leave to appeal denied.

The order for change of venue stands.