PATRICK WALSH, Respondent, v. EMMA ANDERSON, as Executrix, etc., of JOHN ANDERSON, Deceased, Formerly Doing Business as THE ANCON COMPANY, Defendant.

FRANCIS P. HEFFERNAN, Former Attorney for Plaintiff, Appellant.

Second Department, November 28, 1938.

*Vincent J. Claffey,* for the appellant.

*Joseph P. Walsh,* for the respondent.

DAVIS, J. The proceeding is one in contempt to punish an attorney for failing to deliver the papers and records in the action to another attorney substituted by order at Special Term.

The action was to recover damages for personal injuries, due to the alleged negligence of the defendant. When the case was partly tried a mistrial was declared. Shortly subsequent to this an application was made by plaintiff for the substitution of attorneys, which was granted on consent, with the attorney's lien fixed by the order on a percentage basis, with directions to him to turn over all papers, records and data held by him as attorney for the plaintiff. Without any legal justification, the attorney refused and neglected to deliver the papers to the substituted attorney. Nevertheless, the substituted attorney brought the action to trial and plaintiff had a judgment.

This proceeding was then instituted to declare the appellant's fee and lien forfeited by reason of his contumacious conduct. There was a hearing before an official referee, who reported that the conduct of the attorney was contemptuous toward the court, but left the proper punishment thereof to the discretion of the court.

The order confirmed the report of the official referee and directed that the fee of the attorney be, forfeited except as to the amount of his disbursements. There was no direction as to fine or imprisonment.

While it appears that the conduct of the appellant did cause the substituted attorney trouble and embarrassment in the preparation and presentation of the case on the trial, there is no determination, either by the official referee or in the order, that the misconduct defeated, impaired, impeded or prejudiced the right and remedy of the plaintiff (Judiciary Law, §§ 753, 770; 11 Carmody's N. Y. Prac. § 622; *Dowd* v. *Dowd,* 237 App. Div. 902); nor was there proof of damage to the plaintiff in any sum, and particularly not in respect to the amount of the attorney's lien fixed by the original order. The attorney had been guilty of no act hostile to the plaintiff's interests up to the time that the substitution was made, nor had he in any way discharged himself as attorney, for his discharge came about by the order of substitution. Where there is dispute between an attorney and his client concerning the value of services, and the latter claims there has been neglect or misconduct, ordinarily the question will be determined in an action. (*Chatfield* v. *Simonson,* 92 N. Y. 209; *Andrews* v. *Tyng,* 94 id. 16.) It is unnecessary at

this time to consider whether under any circumstances such question might be finally determined in a proceeding of this nature.

The question is at present largely academic, for on October 7, 1938, the judgment for the plaintiff in the action was reversed and the complaint dismissed on an appeal to this court. (255 App. Div. 786.)

The order should be reversed on the law, without costs, and the matter remitted to Special Term, where the parties may proceed as they may be advised.

The appeals from the orders of October 18 and October 25, 1937, should be dismissed.

Lazansky, P. J., Hagarty, Adel and Taylor, JJ., concur.

Order reversed on the law, without costs, and matter remitted to the Special Term, where the parties may proceed as they may be advised.

Appeals from orders of October 18 and October 25, 1937, dismissed.