OPINION OF THE COURT
David B. Saxe, J.
On May 16, 1985, Ivan Perez and Antonio Perez, petitioners *1084 in this matter, were the owners of a 1979 Chevrolet taxi that was parked on 58th Street and Sutton Place in Manhattan. A New York City sanitation truck apparently backed up and struck the taxi causing property damage in the sum of $886.20.
It is undisputed that a notice of claim was not filed within the 90-day statutory period (General Municipal Law § 50-e), although a written claim containing all the necessary specifics regarding the incident was filed on the 97th day after the accident.
The petitioners have applied for an order pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.
The respondent, City of New York, has moved to dismiss the complaint (CPLR 3211 [a] [7]) or in the alternative for an order granting it summary judgment (CPLR 3212).
The city argues that even though the complaint for property damage was served within the one-year and 90-day period measured from the date of the accident, as required by General Municipal Law § 50-e (5), the notice of claim was not served within this time period (General Municipal Law § 50-e [5]) and the city, accordingly, contends this court lacks the power to authorize a late filing of the notice beyond one year and 90 days. (Pierson v City of New York, 56 NY2d 950.)
In the first place, it is clear that the 97th day notice to the Comptroller’s office by the petitioner is insufficient to satisfy the notice of claim requirement. The service of a late notice of claim without leave of court to serve it is a nullity. (Chikara v City of New York, 10 AD2d 862.)
The crux of the dispute here lies in the petitioner’s contention that they did indeed move for leave to file a late notice of claim within the one-year and 90-day statutory time period, albeit in the wrong court. The petitioner here applied for leave to serve a late notice of claim in the Civil Court, where the suit was filed, on August 14, 1986, just within the one-year and 90-day period. The court, properly adhering to the strictures of General Municipal Law § 50-e (7), dismissed the application with leave to renew, noting that the application should have been brought in the State Supreme Court. The petitioners then promptly made their application before me.
It is their argument that the application is in the nature of a renewal of a motion made within the statutory time period and therefore it is timely. Reliance is placed on the case of *1085 Blackstone Inst. v Agnelli (153 Misc 760) involving an application for a change of venue. The court there noted: "This action was originally instituted in this district. The original motion for change of venue was denied, with leave to renew. Thereafter the application was renewed and the motion granted. The plaintiff attacks the determination, claiming that the second motion was not made within ten days after the original demand for a change of venue was served; and that * * * the Rules of Civil Practice controls these applications. The second motion must not be treated as an original motion, but is deemed a renewal of the original motion. (Dowd v. Dowd, 237 App. Div. 902.)” (153 Misc, at p 760.)
So, the argument goes, the present motion is actually the first motion in its proper forum. The problem with this argument is that it confuses venue with jurisdiction. The Civil Court never had jurisdiction to entertain the motion seeking leave to serve a late notice of claim (General Municipal Law § 50-e [7]; Priceman v City of New York, 199 Misc 737). Accordingly, the application to that court was a nullity.
Regrettably, then, it is evident that the late notice application is untimely (Tarquinio v City of New York, 84 AD2d 265, affd 56 NY2d 950) because jurisdiction in the proper forum was never triggered during the statutory time period.
The confusion of counsel in filing the late notice application in the Civil Court is understandable since the underlying claim was for only $886.20. Yet, the statute is clear in its strictures as to the court in which the application must be commenced (the Supreme Court or the County Court). No other court has the necessary subject matter jurisdiction to decide such an application and, accordingly, as indicated, the statute "ran” here while the late notice application was made in a court that was powerless to act.
The unfortunate result in this case would not occur in a merged court system.
The motion is denied.