GIACINTO TERESTA, Appellant, *v.* CITY OF NEW YORK, Respondent.

Argued June 4, 1952; decided October 16, 1952.

*Samuel J. Moskowitz* and *Abraham Umanov* for appellant. I. Delivery by the mailman constituted actual personal service of the notice of claim sufficient to comply with section 50-e of the General Municipal Law. (Administrative Code of City of New York, § 394a–1.0; Civ. Prac. Act, § 220; Rules Civ. Prac., rule 53; *Matter of Drake* v. *Comptroller of City of N. Y.*, 278 App. Div. 317; *Wiegand* v. *City of New York*, 273 App. Div. 1025; *Tilton* v. *City of New York*, N. Y. L. J., June 25, 1948, p. 2395, col. 3; *Matter of Figueroa* v. *City of New York*, 279 App. Div. 771; Tenth Annual Report of N. Y. Judicial Council, 1944, pp. 44, 263–296; *Matter of Park East Land Corp.* v. *Finkelstein*, 299 N. Y. 70.) II. Assuming, *arguendo*, that service of the notice of claim was defective, defendant had power to waive the provisions of subdivision 3 of section 50-e, and by its actions did so waive, and it should be estopped from setting up the defense that the service was improper because made by ordinary mail. (*Purdy* v. *City of New York*, 193 N. Y. 521; *Lewis* v. *City of New York*, 278 N. Y. 517; *Ponsrok* v. *City of Yonkers*, 254 N. Y. 91; *Forsyth* v. *City of Oswego*, 191 N. Y. 441; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Meiner* v. *City of New York*, 262 App. Div. 970; *Hoffman House* v. *Foote*, 172 N. Y. 348; *Reilley* v. *City of New York*, 298 N. Y. 710; *Reining* v. *City of Buffalo*, 102 N. Y. 308; *Di Bartolo* v. *City of New York*, 293 N. Y. 114; *Boland* v. *City of Niagara Falls*, 178 Misc. 125.)

*Denis M. Hurley, Corporation Counsel* (*Samuel D. Johnson* and *Seymour B. Quel* of counsel), for respondent. Service of the notice of claim by ordinary mail was not a compliance with

the statutory mandate for personal service or service by registered mail. Subsequent examination of claimant did not constitute a waiver and, accordingly, dismissal of the complaint was proper. (*Lewis* v. *City of New York*, 278 N. Y. 517; *Matter of Brown* v. *Trustees, Hamptonburg School Dist.*, 303 N. Y. 484; *Curry* v. *City of Buffalo*, 135 N. Y. 366; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Ponsrok* v. *City of Yonkers*, 254 N. Y. 91; *Purdy* v. *City of New York*, 193 N. Y. 521; *Thomann* v. *City of Rochester*, 256 N. Y. 165; *Rogers* v. *Village of Port Chester*, 234 N. Y. 182; *Reining* v. *City of Buffalo*, 102 N. Y. 308; *Forsyth* v. *City of Oswego*, 191 N. Y. 441.)

FULD, J. Plaintiff, a laborer over sixty years old, injured when a city-owned trolley in which he was a passenger collided with a truck, went to the Municipal Building in order to make known his claim against the City of New York. He was there given a notice of claim form and also, according to defendant, an instruction sheet stating that the completed form should be sent to the comptroller's office by registered mail. Well within the sixty-day period then prescribed for service of the notice of claim, plaintiff sent the notice to the comptroller, but by ordinary mail. Despite this irregularity in the form of service — subdivision 3 of section 50-e of the General Municipal Law then provided that the notice was to be delivered "personally, or by registered mail" — the comptroller, before the sixty-day period had elapsed, responded to plaintiff in a letter notifying him to appear for examination. The examination was subsequently held. However, plaintiff's action thereafter brought against the city has been dismissed upon the ground that his notice of claim had been transmitted by ordinary mail, contrary to the provisions of section 50-e.[1]

Since the city neither returned the notice, nor at any time objected to the manner in which it had been served until after the commencement of the trial, the statutory requirement of

1. The section was subsequently amended (L. 1951, ch. 393) to provide that "if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision [service by registered mail or personally], such service shall be deemed valid if such notice is actually received by such person, officer, agent, clerk or employee and such party against whom the claim is made shall cause the claimant * * * to be examined in regard to such claim."

personal service or notification by registered letter must be deemed to have been fully and effectively waived by the city. Neither legal theory nor public policy stands in the way of a waiver of that requirement, designed as it is solely for the benefit of the city. Subdivision 6 of section 50-e, upon which defendant relies, does not purport to affect the *city's* power to waive formal defects relating to the notice of claim, but deals only with the power of the *courts,* independently of such a waiver, to " correct," " supply " or " disregard " such defects. The prime, if not the sole, objective of the notice requirements of such a statute is to assure the city an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available. (See, e.g., *Sweeney* v. *City of New York,* 225 N. Y. 271, 273; *Purdy* v. *City of New York,* 193 N. Y. 521, 523; *Matter of Figueroa* v. *City of New York,* 279 App. Div. 771; see, also, Tenth Annual Report of N. Y. Judicial Council, 1944, pp. 265, 277.) That end is certainly not frustrated by permitting the city to accept timely notification by ordinary mail in lieu of the other methods prescribed by section 50-e.

Instead of returning the regularly mailed notice — which would have given plaintiff an opportunity to serve it properly well within the statutory period — or simply ignoring it, an executive officer of the city actually informed plaintiff that his notice had been received and then proceeded to hold an examination in connection with the claim. Thus, present here, in addition to an unequivocal waiver, are elements of estoppel as well. In *Sweeney* v. *City of New York* (*supra,* 225 N. Y. 271, 273) the court said, with respect to a predecessor provision of section 50-e, that the statute " is not a trap to catch the unwary or the ignorant." In reaching our present conclusion, we but reaffirm that view.

The judgments should be reversed, with costs in all courts, and the motion to dismiss the complaint denied.

LEWIS, J. (dissenting). Following injuries which befell the plaintiff, Giacinto Teresta, while a passenger in a trolley car operated by agents of the City of New York, he went personally — without advice of counsel — to various city agencies in an effort to present his claim against the municipality for the

injuries he suffered. Finally, at one of the city's agencies, he was given not only a form to fill in but also an instruction sheet — which, according to the record before us " * * * specifically, among other things, directed him to serve this claim by registered mail." Heedless of such instruction the plaintiff chose to serve his claim by " ordinary mail ", which manner of service did not conform with the following provisions of subdivision 3 of section 50-e of the General Municipal Law as the statute then read: " The notice shall be served on the party against whom the claim is made by delivering the notice, or a copy thereof, *personally, or by registered mail*, to the person, officer, agent, clerk or employee, designated by law as a person to whom a summons in an action in the supreme court issued against such party may be delivered " (italics supplied).

Although obviously the " manner * * * of service " chosen by the plaintiff did not conform with the requirement of the statute quoted above, it is the view of a majority of the court that when the city failed not only to return the plaintiff's notice but also failed — until the trial — to object to the manner in which it had been served, and meantime conducted a pretrial examination of the plaintiff, the statutory requirement of service of the claim " personally, or by registered mail " was thereby waived.

Technical though the city's resistance to this claim may be, it is technical only to an extent clearly warranted by a separate provision of section 50-e *id.*, viz., subdivision 6, which provides in part: " * * * a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, *not pertaining to the manner or time of service thereof,* may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby " (italics supplied).

If the words italicized in the statute last quoted above do not declare the Legislature's intention thereby to prevent a waiver by a municipality of the " manner " expressly prescribed in subdivision 3 of section 50-e *id.* for service by a claimant of his notice of claim, one is at loss to know what could better record that intent.

Indeed, on one occasion when this court dealt with a similar problem Chief Judge CARDOZO wrote — " The Legislature has said that a particular form of notice, conveyed with particular details to particular public officers, shall bε a prerequisite to the right to sue. The courts are without power to substitute something else." (*Thomann* v. *City of Rochester,* 256 N. Y. 165, 172.)

Nor is the plaintiff's position reinforced if, as he claims, the city was not prejudiced by the irregular manner he chose to serve his claim. Upon that phase of the case the statement by Judge POUND writing for the court in *Ponsrok* v. *City of Yonkers* (254 N. Y. 91, 95), has peculiar application to the case we now review — " The fact that the city has not been prejudiced is immaterial. The court may not exercise a dispensing power based on the principles of abstract justice fitting the particular case. It may only see that the requirements of the law are complied with." (See, also, *Purdy* v. *City of New York,* 193 N. Y. 521, 524–525; 4 Dillon on Municipal Corporations [5th ed.], § 1613, pp. 2814–2817.)

Believing, as I do, that " A statute must be read and given effect as it is written by the Legislature, not as the court may think it should or would have been written if the Legislature had envisaged all the problems and complications which might arise in the course of its administration " (*Lawrence Constr. Corp.* v. *State of New York,* 293 N. Y. 634, 639; *People* v. *Olah,* 300 N. Y. 96, 102), and finding in the statute here involved an expression of legislative intent opposed, in my view, to the decision about to be made herein, I dissent and vote for affirmance.

LOUGHRAN, Ch. J., CONWAY, DESMOND and FROESSEL, JJ., concur with FULD, J.; LEWIS, J., dissents in opinion in which DYE, J., concurs.

Judgments reversed, etc.