Ryan, J.
The defendant, board of education of GalwayCentral School District No. 1, has moved this court for an order dismissing the complaint in the above-entitled action under the provisions of rule 113 of the Rules of Civil Practice. The plaintiff has made a cross motion seeking an order determining that the written notice of claim heretofore filed by the plaintiff is sufficient as to contents, form and manner of service, and in the alternative, for an order allowing and permitting the plaintiff to amend the said written notice in any and all respects wherein the eeurt might find the same to he insufficient.
*635 On the affidavits, exhibits and the pleadings submitted by both the plaintiff and the defendant in support of their respective motions, which were provided for the benefit of the court, it appears that the plaintiff, Curtiss Robinson received certain personal injuries on the 9th day of March, 1954, at the central school located in the village of Galway, New York. Following his accident he retained counsel in the person of Clinton S. Cole, an attorney of Amsterdam. It appears that on March 25, 1954, the attorney notified the Honorable Walter Armer, president of the board of education of the Galway Central School District by letter that he had been retained by the plaintiff to represent him. This letter or notice first set forth the name and postoffice address of the claimant and his attorney; did further set forth the time when, and the place where the accident happened and injury occurred; and that the same was the result of negligence. Though the letter does not specifically set forth the manner in which the injury was occasioned, nor the extent of such injuries, the letter does state that the injuries sustained were severe and would be permanent. It is evident from the letter that Mr. Armer had theretofore been advised as to the extent of the injuries; and the letter is concluded by a request for an opportunity to discuss the same with the school board.
It is true that the notice is not sworn to, nor does it in detail describe either the nature of the claim or the extent of the injuries. The notice was sent by ordinary mail, rather than by registered letter but well within the time provided for under section 50-e of the General Municipal Law.
The complaint sets forth in detail the nature and the manner in which the plaintiff was injured, and the claim which he was making against the defendant. The complaint alleges that due notice of the claim was given to the defendant, school district, and it appears that thereafter the plaintiff was directed by the defendant through its attorney, to undergo a physical examination by a physician designated by the defendant.
There is no question presented upon these motions but that the letter of March 25th was duly received, and the affidavits set forth circumstances which completely belie any contention that the defendant did not have notice, and that it, of its duly authorized agents acted thereupon with a view of negotiating a settlement. No prejudice to the defendant by reason of the insufficiency of the notice is contended. The intentions of the Legislature in enacting the provisions of section 50-e of the General Municipal Law were that such provisions would act as a shield, and not be used as a sword to defeat the rights of people who had a legitimate claim against a municipal body.
*636 It is the determination of this court that, in the interest of justice, the letter of the attorney presenting the notice of claim be amended to add a verification thereto, and to further state the basis of the claim, the manner in which the accident occurred, and the damages which the claimant allegedly sustained.