Anthony Di Giovanna, J.
This is a motion for leave to serve an amended notice of claim nunc pro tunc pursuant to subdivision 6 of section 50-e of the General Municipal Law.
From the moving affidavit it appears that following an accident of March 3, 1957 plaintiffs caused a notice of claim to be served upon the Transit Authority for the sum of $6,000 on behalf of the plaintiff Margaret Zultowski and $1,000 in behalf of Zygmont Zultowski. The notice of claim was served on May 20, 1957 within the required statutory period of time. Now the plaintiffs seek to amend the notice of claim by increasing the amount of damages in the wife’s cause of action to $100,000 and in the husband’s cause of action to $25,000. No action has as yet been commenced. The right to the relief is based upon the authority claimed to exist in subdivision 6 of section 50-e of the General Municipal Law. That subdivision reads in part as follows: “ At or before the trial of an action or the hearing upon a special proceeding to which the provisions of this section are applicable, a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby. Application for such relief, if made before trial, shall be by motion on affidavits.”
It is interesting to note that the power vested in the court under subdivision 5 of section 50-e relates solely to the situation : ‘ ‘ Where the claimant is an infant, or is mentally or physically incapacitated, and by reason of such disability fails to serve a notice of claim * * * or where a person entitled to make a claim dies before the expiration of the time limited for service of the notice ”. In such instances specific provision is made that: “ The application shall be made returnable at a trial or special term of the supreme court, or of the county court, in the county where an action on the claim could properly be brought for trial ”. Inherent in the subject matter of subdivision 5 is a vested power in this court to protect the rights of infants or mental or physical incompetents and involves situations where there has been a complete failure to serve a notice. Consequently the provisions of that subdivision have no application to motions made under subdivision 6. The opening words of subdivision 6 read: “At or before the trial of an action or the hearing upon a special proceeding to which the provisions of this section are applicable ’ ’.
*233 Section 218 of the Civil Practice Act provides: “A civil action is commenced by the service of a summons ”. The words “At # * * the trial of an action ” relate to a motion to amend a notice of claim made while the trial is actually in progress. The words “before the trial of an action” relate to that period of time following the service of the summons up to and including the time of trial. The very last sentence of the above-quoted subdivision 6 reads: ‘ ‘ Application for such relief, if made before trial, shall be by motion, on affidavits.” Inherent in that sentence is the requisite that an action shall have first been commenced.
I do not see any authority for the entertaining of an application such as is involved herein in the absence of proof of the commencement of an action. The section authorizes a court in which the action is pending to permit the amendments therein provided. The cases referred to in the claimants ’ brief are not authority for the relief sought. In the Matter of Charlemagne (277 App. Div. 689) there was involved an entirely different set of circumstances. Therein two notices of claim had been prepared. However, the wife’s notice of claim was sufficient in and of itself for the maintenance of the husband’s cause of action for medical services and loss of services. Consequently, the court in permitting the so-called amendment, did not pass upon the question herein considered. The fact that it was affirmed in the Court of Appeals (302 N. Y. 871) is of no consequence. In Baxter v. Turner (111 N. Y. S. 2d 10) an action was actually pending when the motion was granted. While in Matter of Ostrow v. City of New York (191 Misc. 240) similar relief was granted, the point was not considered by the court because it was not presented to the court. I do not believe that in that case the application was proper under the circumstances.
In any event, if this motion were not disposed of as indicated above, the motion would be denied because of insufficiency of the papers submitted. There are no medical affidavits annexed to support the claim of the plaintiff. The photostatic copies are wholly insufficient for that purpose. In any event, there appears to be no requirement that a notice of claim set down the amount of claimed damages. In Reed v. Mayor (97 N. Y. 620) the court said: “ A majority of the judges are of opinion that the claim in this case being for unliquidated damages for a personal injury, and a statement of facts constituting the claim having been duly filed with the comptroller, the provision of the charter (Laws of 1873, chap. 335, § 105), was sufficiently complied with to entitle the plaintiff to bring *234 this action, and that he is not restricted in his recovery to the estimated amount of damages stated in the claim so filed; that in such a case the estimate of the amount of damages is not an essential part of the claim required to be presented to the comptroller, and consequently the order allowing an amendment of the complaint so as to demand judgment for a larger amount of damages than that stated in the claim filed, was not beyond the power of the court below.”
This application is denied without prejudice to the making of a similar application after an action has been commenced if deemed advisable. Submit order.