Frank A. Gtjlotta, J.
This is an application for permission to serve an “ amended ” notice of claim for personal injuries sustained by the claimant on September 24, 1958, as a result of the alleged negligence of the Town of Oyster Bay.
In addition to personal notice given both by the claimant and her attorney to the Town Superintendent of Highways, the said attorney on October 1, 1958, personally delivered to the Superintendent a letter setting forth the name of the claimant, the fact that she suffered personal injuries, the date when and the place where the injuries were sustained and the manner in which the town is claimed-to have been negligent. The letter was signed by the attorney and bore his address. Receipt of this letter was acknowledged by the Superintendent of Highways by letter dated October 10 and in turn by the town’s insurance carrier by letter dated October 20. On December 1, 1958, the claimant was examined by the town and its insurance carrier as to all the facts concerning the injuries and her claim.
The town now disclaims liability on the ground that the alleged notice of claim did not comply "with section 50-e of the *764 General Municipal Law in that it was not verified by the claimant, that it was not served in accordance with section 228 of the Civil Practice Act, that the letter may not be considered as a valid notice of claim and since more than 90 days have expired since the accident this is in fact an effort to file a notice after it has been barred by the statute, and that this may not be done since the plaintiff labored under no disability which would warrant an extension of time under subdivision 5 of section 50-e of the General Municipal Law.
Claimant, on the other hand, seeks to amend the notice by supplying the required verification and to state more fully the nature of the injuries and the damages demanded.
The primary function of our courts is to see that justice is done, and the frame work of the law is just a means to that end. In enacting section 50-e of the General Municipal Law it was the intention of the Legislature that municipalities be given prompt notice of claims so that an immediate investigation might be made to explore the merits of the claim while information is still readily available. (Teresta v. City of New York, 304 N. Y. 440.) By the same token, it was never intended that the enactment be used as a device to defeat the rights of people with legitimate claims against municipalities on grounds devoid of any merit. (Robinson v. Board of Educ. of Galway Cent. School Dist. No. 1, 1 Misc 2d 634.)
With this thought in mind subdivision 6 of section 50-e provides that1 ‘ a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded * * * provided it shall appear that the other party was not prejudiced thereby. ’ ’
Concededly the claim letter was received within the 90-day period required by subdivision 1. It also contained most of the information required by subdivision 2 except that it was not sworn to. This may be cured by amendment (Matter of Carroll v. City of New York, 189 Misc. 50; Baxter v. Turner, 111 N. Y. S. 2d 10). Likewise, a notice of claim need not be made by the claimant, but may be made by someone acting on her behalf. (General Municipal Law, § 50-e, subd. 2; Figueroa v. City of New York, 279 App. Div. 771.) Nor can thé town now be heard to complain that service was not made in accordance with subdivision 3 for that very subdivision provides “that if service of such notice be made within the period prescribed by this section, but in a manner not in compliance with the provisions of this subdivision, such service shall be deemed valid if such notice is actually received by such person, officer, agent, clerk *765 or employee and such party against whom the claim is made shall cause the claimant or any other person interested in the claim to be examined in regard to such claim ’
The town will in no way be unfairly prejudiced by permitting service of the amended notice. However, an injustice never intended by the statute might result from a denial of this relief. The case of Boettner v. Village of Mamaroneck (123 N. Y. S. 2d 849) presents a situation almost on all fours with the case at bar. In that case, as in this, the original notice of claim was by letter and the claimant sought to amend its notice by conforming it to the requirements of section 50-e. The service of an amended notice was permitted.
Motion granted.
Short-form order signed.