Louis L. Friedman, J.
Plaintiffs moved ‘ ‘ for an order ratifying a notice of claim upon the defendants.” Upon the argument, it developed that the interest of the infant required that the court also have before it a motion to amend the notice of claim. Such a notice was served and the latter motion- will be first discussed.
This motion ‘1 for an order correcting a notice of claim upon the defendants or for leave nunc pro tune to serve notice of claim upon the defendants,” once again points up the injustice of some of the restrictions contained in section 50-e of the General Municipal Law.
The action is brought by the infant plaintiff to recover for personal injuries which she sustained in an accident on April 26, 1956, as a result of the claimed negligence of the defendants. She was at that time 14 years old, a student at Pershing Junior High School in Brooklyn, and contends that she suffered a permanent eye damage as a result of having been struck by a sharp instrument.
Obviously, the infant was unaware of the statutory requirements for filing a notice of claim. Section 50-e (subds. 1, 5) makes provision so that relief may be secured from the failure to file within the 90-day period. However, an application for an extension of time must be made within one year, and it has been held that the failure to do so, forever bars the claim of even an infant, unaware as she is of the requirements of the statute.
It was not until four and a half months after this accident that the plaintiff Dominick Chikara, father of the infant, first retained an attorney. Unfortunately, instead of recognizing that the statute had already run, and that it was necessary that leave of the court be secured before a notice of claim could be filed after the expiration of the statutory period, the attorney proceeded to serve a notice of claim without an order of the court. It is academic that such service was a nullity. However, although it must have been apparent to the defendants when they received the notice of claim that it had no legal effect, the defendants proceeded to act in a manner as though the notice was properly received, and on October 3, 1956, they acknowledged receipt of the instrument and served a notice that a hearing and physical examination, pursuant to the provisions of the Charter and of the General Municipal Law, would be held on October 17, 1956. Such hearing was in fact held, and upon the failure of the defendants to adjust the *448 plaintiffs’ claim within the statutory 30-day period, this action was commenced on January 23, 1957. Issue has been joined by the service of the defendants’ answer and the action is now regularly on the calendar awaiting trial.
The papers before the court indicate that the notice of claim was not the first notice which the defendant Board of Education had of this occurrence. When the accident occurred, the infant was taken to the office of the school nurse, where first aid was rendered to her. At that time, an accident report was prepared and signed by the infant plaintiff. This court may not close its eyes to the common practice which prevails and it must be recognized that the notice of accident, consisting of the statement signed by the infant plaintiff as well as the report which was undoubtedly prepared and signed by the teacher and another one prepared and signed by the nurse who treated the infant plaintiff, very shortly thereafter made its way into the hands of the principal of the school and from his office into the files of those in the Board of Education who are charged with the responsibility of investigating accidents of this kind. So that it must be concluded that if the basic reason for the requirement that a notice of claim be served at all, is that the authority against whom it is directed may have notice of the accident and an opportunity to investigate and adjust the claim before suit is started, there can be no question but that in this case, both such notice and opportunity were given to the Board of Education. Under the facts as they have been outlined in the papers before the court, there undoubtedly is no cause of action against the defendant the City of New York, so that the party against whom liability may be asserted at all, is the one which received notice of this accident on the day when it occurred.
Now, about three years after the date of accident, the plaintiffs recognize that technical defenses contained in the answer of the defendants may cause the dismissal of plaintiffs’ action, and the court has been requested to grant some form of relief so that plaintiffs may have a trial upon the merits instead of a dismissal for failure to comply with section 50-e.
An infant is a ward of the court and her rights must be protected (Moore v. City of New York, 276 App. Div. 585). Such an infant is not chargeable with the strict requirements of the statute with respect to the date of filing (see Matter of Marino v. City of New York, 13 Misc 2d 210 [1956]; Biancoviso v. City of New York, 285 App. Div. 320 [1955]; Fazzolari v. Board of Educ., 283 App. Div. 999 [1954]), and the court will ordinarily grant an extension of time. However, an application for such *449 extension must ordinarily be made within the one-year period, provided for by section 50-e (subd. 5) and if not made within such period, the court is without power to permit late filing (Martin v. School Bd. of Long Beach, 301 N. Y. 233 [1950]; Chavers v. City of Mt. Vernon, 301 N. Y. 634 [1950]; Moore v. City of New York, 302 N. Y. 563 [1951]; Brown v. Trustees of Hamptonburg School Dist., 303 N. Y. 484 [1952]; Barrett v. City of New York, 1 A D 2d 993 [First Dept., 1956]; Munroe v. Booth, 305 N. Y. 426 [1953]). Thus, it appears without question, that the court may not now grant ‘ ‘ leave nunc pro tunc to serve notice of claim upon the defendants.” Neither may the court grant the relief requested in the first notice of motion, to wit, “ an order ratifying notice of claim upon the defendants.” Thus there remains only the question as to whether the court may grant “ an order correcting a notice of claim upon the defendants,” which means an order permitting an amendment of a notice of claim, or whether the court may grant some different form of relief under the prayer in the notice of motion for other and further relief.
In Miller v. New York City Housing Auth. (7 A D 2d 922 [2d Dept.], the plaintiff moved for an order to serve a notice of claim nunc pro tunc. It was pointed out in said motion that a claim letter was sent by ordinary mail to the Authority informing it of the accident. An investigation by the Authority with respect to this accident led to an interrogation of the plaintiff by the Authority’s attorney, and a physical examination by a physician designated by the defendant. Following negotiations for settlement, the claim Avas rejected and in due course, the motion heretofore referred to came on before the Supreme Court in Kings County. The court granted the motion under the prayer for other and further relief and permitted the claim letter sent by the attorney to be amended so that it would properly assert a notice of claim. In reversing, the Appellate Division held that because the letter was not sent to the principal office of the Authority, and did not contain the essential requirements of subdiAdsion 2 of section 50-e, the court was without authority in law to grant the motion, and the petition to serve a late notice of claim was dismissed. However, the facts in the present case may be readily distinguished from the Miller case. In this case it was not a claim letter by a laAvyer which was sent, but a signed notice of accident report which was actually delivered to a representative of the defendant the Board of Education. While such service was improper, even if the notice of accident may be *450 considered as a valid notice of claim, the General Municipal Law permits a waiver of the manner of service, if the notice is in fact acted upon. Irregularities in a notice of claim may even be waived by a municipal corporation by its acts and conduct (Teresta v. City of New York, 304 N. Y. 440; General Municipal Law, § 50-e, subd. 3). Leave to amend a notice of claim may be granted by the court if the application be made within the statutory period (General Municipal Law, § 50-e, subd. 6), if the amendment does not pertain to the manner or time of service (Monroe v. Booth, 305 N. Y. 426).
In Greguski v. Town of Oyster Bay (19 Misc 2d 763), an application was made for leave to serve an amended notice of claim. In addition to the personal notice given by the claimant and her attorney to the Town Superintendent of Highways, a letter was personally delivered in which the details of the claim were set forth. Pointing out that section 50-e of the General Municipal Law was intended to give the municipality notice of facts which might permit it to investigate, and that “ it was never intended that the enactment be used as a device to defeat the rights of people with legitimate claims against municipalities on grounds devoid of any merit ” (Robinson v. Board of Educ., 1 Misc 2d 634), the court granted leave to serve an amended notice, holding that the original claim letter was a notice which could be amended. The cases cited by Mr. Justice Gtjlotta support his conclusion. In Balbach v. Central School Dist. No. 1 (278 App. Div. 710), where the injured infant was 17 years old, and late notice of claim could not have been permitted because the failure to file was due to infancy, such late filing was in fact permitted because the accident had been reported to the school authorities immediately after it had happened.
In the present case, the infant was examined both orally and physically. While it is the defendants’ contention that such examination was pursuant to the notice of claim served four and a half months after the accident, and not pursuant to the original notice of accident which was given to the school authorities, the court must and does recognize that the defendants were aware of the fact that the notice of claim was served late and that no order authorizing such service had ever been entered. They could and undoubtedly ascertained this fact from the very face of the notice itself, because it contained the date of the accident as well as a file stamp showing when the claim was received. If the Board of Education did not consider the original accident report as notice, then the infant *451 plaintiff, her guardian and her attorney need never have been served with a notice of hearing because at that time no suit against the defendants could ever have been sustained. So it is apparent and the court finds as a fact, that the examination of the infant plaintiff, both orally and physically, was on the basis of both the original accident report as well as the late notice of claim, and that being so, the city and the Board of Education must be presumed to have acted upon the notice which they received in such a manner as to have waived the irregularity in the notice of claim by their acts and conduct (Teresta v. City of New York., 304 N. Y. 440, supra), and to have also waived the method of service by acting upon the notice which was received (General Municipal Law, § 50-e, subd. 3).
Accordingly, as to the adult plaintiff Dominick Chikara, the motions before the court are in all respects denied. As to the infant plaintiff, the motion to correct the notice of claim, treated as a motion to amend, is granted and an amended notice of claim may be served within 30 days after the entry of the order herein. This relief is, however granted only against the defendant Board of Education. As to the defendant the City of New York, both motions are in all respects denied. In all other respects other than as herein granted, the motions and applications of the infant plaintiff are denied. Settle order on notice.