■ CLELIA B. CARISSIMO, Appellant, v. MARIUS F. CARISSIMO, Respondent.— In an action for a separation and for rescission of a separation agreement, the appeal is from an order dismissing the complaint for failure to prosecute (Civ. Prac. Act, § 181; Rules Civ. Prac., rule 156), unless the action be noticed for the March 1959 Term. Order affirmed, without costs. No opinion. Nolan, P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.

■ ROMONA CHIKARA, an Infant, by Her Guardian ad Litem, DOMINICK CHIKARA, Respondent, v. CITY OF NEW YORK, Defendant, and BOARD OF EDUCATION OF THE CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries sustained by the infant respondent when she was struck in the eye with the blunt end of a compass by a classmate in school, the appeal is from so much of an order as grants such respondent leave to amend her notice of claim against appellant only. The infant respondent, 14 years old, was injured on April 26, 1956. Immediately thereafter she signed a paper — a report of the accident. On September 10, 1956 the infant's father retained an attorney who on September 28, 1956, four and one-half months after the accident, served a notice of claim upon the Comptroller of the defendant, City of New York, and upon the secretary of appellant. On October 17, 1956, the City Comptroller, representing both defendant city and appellant (cf. New York City Charter, § 93 [1938]; Administrative Code of City of New York, § 93d-1.0), pursuant to a notice, held a hearing and had a physical examination of plaintiff. The action was commenced on January 23, 1957. Pursuant to a motion returnable June 19, 1959, the Special Term granted the infant respondent leave to amend her notice of claim with respect to her cause of action against the appellant only. The Special Term held that the service of the late notice of claim without leave of the court was a nullity, but the court granted leave to amend it on the basis of the accident report. The court held that such report constituted an irregular notice of claim which could be amended; that, although the accident report or notice of claim had not been served on a member of the appellant board or upon a trustee or clerk thereof, as required by subdivision 3 of section 50-e of the General Municipal Law, nevertheless the service was valid as the report or notice must have been received by such person, and as the infant respondent thereafter was caused to be examined in regard to such claim. Order insofar as appealed from reversed, without costs, and motion denied, without costs. We are in accord with the court below that the service of the notice of claim on September 28, 1956, four and one-half months after the accident, without leave of the court, was a nullity, and that leave to serve a late notice of claim may not be granted in view of the lapse of more than one year since the accident. (General Municipal Law, § 50-e, subd. 5; *Matter of Martin* v. *School Bd. of Union Free Dist. No. 28, Long Beach,* 301 N. Y. 233.) Assuming, however, that the report of the accident may be deemed an irregular notice of claim and is amendable, we are of the opinion that the signed accident report given to the nurse or the teacher or the principal was not served upon a person "designated by law" to be served (General Municipal Law, § 50-e, subd. 3). Nor, in our opinion, was the subsequent hearing and physical examination of plaintiff a validation of the service. (*Matter of Miller* v. *New York City Housing Auth.,* 7 A D 2d 922, affd. 6 N Y 2d 932; *Chesney* v. *Board of Educ. of Union Free School Dist. No. 5 of Towns of North Castle, Greenburgh & Mt. Pleasant,* 2 A D 2d 761, affd. 5 N Y 2d 1007.) Nolan, P. J., Beldock, Ughetta, Christ and Pette, JJ., concur. [21 Misc 2d 446.]