CITY OF HOUSTON, Appellant,

v.

Lee E. HOLDEN, Appellee.

No. 3493.

Court of Civil Appeals of Texas.

Eastland.

May 13, 1960.

Rehearing Denied June 17, 1960.

R. H. Burks, City Atty., Houston, for appellant.

Cire & Jamail, James J. Hippard, Houston, for appellee.

COLLINGS, Justice.

Lee E. Holden brought suit against the City of Houston for damages. Plaintiff al-

leged that while he was operating his car on Delano street within the city in a careful and prudent manner an employee of the city was engaged in backing a truck owned by the city on said street; that the city employee operated the truck in such a careless and negligent manner that he caused said truck to extend over into the lane of traffic in which plaintiff was driving without any warning to plaintiff, and that a collision resulted; that a portion of the truck struck the left front door of plaintiff's automobile and caused severe and painful injuries to the plaintiff. Plaintiff alleged that said city employee, while in the course and scope of his employment, was guilty of negligence in failing to maintain a proper lookout and that such negligence was a proximate cause of the collision and the damage suffered by plaintiff in the sum of $15,000. The case was tried before a jury which found that the truck driver for the city failed to keep a proper lookout, that such failure was a proximate cause of the collision, that the truck driver backed a portion of the city truck onto the plaintiff's side of the street, that such backing of the truck was negligence and that such negligence was a proximate cause of the collision. The jury further found that plaintiff Holden was not guilty of any of the acts of contributory negligence alleged by the city and that the collision was not the result of an unavoidable accident. Based upon the verdict, judgment was rendered for Holden against the city for the sum of $5,688. The City of Houston has appealed.

Article 9, Section 11, of the charter of the City of Houston provides as follows:

"Before the City of Houston shall be liable for damages for personal injuries of any kind, or for injuries to or destruction of property of any kind, the person injured, or the owner of the property injured or destroyed, or some one in his behalf, shall give the Mayor and City Council notice in writing of such injury or destruction, duly verified, within 90 days after the same has been sustained, stating in such written notice when, where and how the injury or destruction occurred, and the apparent extent thereof, the amount of damages sustained, the amount for which claimant will settle, the actual residence of the claimant by street and number at the date the claim is presented, and the actual residence of such claimant for six months immediately preceding the occurrence of such injuries or destruction, and the names and addresses of the witnesses upon whom he relies to establish his claim, and a failure to so notify the Mayor and City Council within the time and manner specified herein shall exonerate, excuse and exempt the city from any liability whatsoever, provided that nothing herein shall be construed to effect or repeal Section 12 of Article IX of this Charter. (Act of 1905, as amended, 1913.)"

The notice of claim given by Holden to appellant city alleged that the accident occurred "when a City of Houston dump truck driven by Frank Hignett, which was stopped within the intersection suddenly came forward into my taxicab". The pleading upon which appellee went to trial contains the following allegation describing how the accident occurred:

"When he (appellee) reached the intersection of Delano and Francis Streets in Houston, Frank Hignett, an employee of the City of Houston, was engaged in backing a truck owned by said City south on Delano Street. The said Frank Hignett operated said truck in such a careless and reckless manner that he caused said truck to come over into the lane of traffic that the said Lee E. Holden was driving in without any warning whatever and at a time when the said Lee E. Holden was abreast of said truck. In the collision which resulted from the careless operation of the truck by the said Frank Hignett, a portion of the said truck struck the left front door of the plaintiff's automobile  *   *   *"

Appellant urges that there is a material conflict between the allegation in appellee's written notice of claim filed with the city which alleged that the dump truck operated by the employee of the city "suddenly came forward into my taxicab", and his pleadings and proof which assert and show that the collision occurred when the employee of the city was "engaged in backing a truck" owned by the city. Appellant urges that such variance as a matter of law precludes any recovery by appellee.

The purpose of notice requirements such as that provided for in the charter of the City of Houston is to give a city an opportunity to investigate an accident while the facts are fresh and conditions remain substantially the same, thereby enabling a city to guard against fraudulent and unfounded claims and to settle the claim or prepare for trial. City of Waco v. Landingham, Tex.Civ.App., 158 S.W.2d 79 (Writ Ref.). In our opinion the variation in the allegations set out in the notice to the city and in appellee's pleadings and proof is not of such a material nature that it was calculated to mislead the city and to deprive it of the opportunity to investigate the claim while the facts were fresh. Nor did the variation render the city any less able to guard against fraudulent or unfounded claims. Appellee's notice informed appellant city that he was making a claim for an injury sustained by him when appellant's employee Hignett negligently caused appellant's truck to strike his taxicab, and informed the city when and where the collision occurred. The cause of action described in the notice and in the pleadings are the same and we are unable to see that the City of Houston has been mislead or handicapped in any way in its investigation or in the preparation of its defense of the case by the variance complained of. Keller v. City of Seattle, 200 Wash. 573, 94 P.2d 184; Robinson v. Board of Education of Galeway Central School District Number 1, 1 Misc.2d 634, 152 N.Y.S.2d 134.

In numerous points appellant complains of the submission of special issues bearing upon the question of the negligence of its employee proximately causing the collision. Appellant urges that there was no evidence to support the submission of such issues or the judgment based thereon; that the evidence was not sufficient to support the findings of appellant's negligence proximately causing the collision and that such findings are against the great weight and preponderance of the evidence. We have carefully considered the evidence and find that these points are not well taken.

Holden testified that just prior to the time of the collision he was driving his car north on his own right side, which was the east side, of Delano Street in the City of Houston at a legal speed of about 25 miles per hour, when he saw appellant's truck operated by its employee Hignett on the other side, which was the west side, of said street. Appellee stated that the front end of the truck was headed north, but that it was slowly backing straight south as he was passing it with about four feet between the vehicles; that the truck was still backing slowly at the time he had passed it to such an extent that it passed from his sight and that "all of a sudden" it hit him in the side; that it hit his taxicab right beside the center post on the door. Holden testified "I was almost by him, and I didn't know if he pulled up and hit me or swung out and hit me" when he was backing. Witnesses for appellant testified that Hignett had put his truck in reverse and was cutting his wheels preparatory to backing toward the left off Delano Street into Francis Street. Hignett said that the bumper on the front right hand corner of his truck hit about the middle of the left hand side of appellee's car. Although the truck Hignett was operating had a rear view mirror on both sides, he testified that he did not see appellee's car before the collision. The evidence in our opinion supports the finding that Hignett failed to keep a proper lookout and that he backed his truck in such a manner that a portion of the truck, to wit, the right front end and bumper, passed over onto appellee's side of the street and struck appellee's cab.

The findings of the jury to the effect that appellant was guilty of negligence proximately causing the collision were amply supported by evidence or probative force, and, although there was evidence to the contrary, were not against the great weight and preponderance of the evidence. We also overrule appellant's points contending that the evidence showed as a matter of law that appellee Holden was guilty of contributory negligence.

Special issues numbers 24a, 24b, 24c, 24d, 24e and 24f were damage issues. In answer to such issues the jury found that as a direct and proximate result of the collision and the injuries therein sustained by appellee Holden he has suffered and will suffer damages as follows:

(a) For physical pain to the date
   of trial                          $ 500.00
(b) For mental anguish to date
   of trial                            100.00
(c) For loss of earnings to date
   of trial                            600.00
(d) For future physical pain          500.00
(e) For future mental anguish         100.00
(f) For loss of future earning
   capacity                         3,888.00

Appellant contends in numerous points that such findings are not supported by any evidence of probative force, or in the alternative, that the evidence is insufficient to support such findings or that such findings are against the great weight and preponderance of the evidence. There was evidence to the effect that prior to the accident on July 17, 1956, appellee Holden had never had any difficulty with his left shoulder; that as a result of such accident he received a comminuted fracture of the left clavicle. Appellee was off his regular job at Borden's for seven weeks from the date of the accident on July 17, 1956, until September 7, 1956, during which time he lost seven weeks work for Borden Company at $75 per week, totaling $525, and lost $25 a week for three weeks he was unable to work on a part time job that he had as a taxi driver. He was under the care of a doctor for about six months. There was evidence to the effect that his left shoulder was not well when he went back to work with Borden's on or about September 7, 1956; that it was bothering him and prevented him from doing work he was supposed to do; that he has not been able to work steadily and in a normal manner since the accident, a period of approximately two and a half years. His shoulder bothered him about thirty-five days during the year 1957; it bothered him often in 1958 and on one occasion during that year a sore spell lasted about a week. His shoulder was sore and still bothering him during January of 1959. The evidence indicates that appellee is unable to do heavy manual labor when his shoulder gets sore; that heavy labor causes his shoulder to become sore, and that the only way he can get rid of the soreness is to rest his shoulder for several days. There was evidence to the effect that from the date of the accident in July of 1956 until the date of the trial, a fellow worker at Borden's has often had to do appellee's share of the heavy labor for periods ranging from once a week to once every month or two. Since the accident appellee has not been able to sleep on his left shoulder without it becoming numb and useless for a time.

The above evidence supports the findings of damages for physical pain, mental anguish and loss of earnings resulting from the injury complained of to the date of trial. Future physical pain, future mental anguish and future loss of earning capacity can be implied from such an injury and it is within the province of the jury to determine the extent of damages. St. Louis Southwestern Ry. Co. of Texas v. Marshall, Tex.Civ.App., 120 S.W. 512 (Writ Ref.); Dallas Ry. and Terminal Co. v. Enloe, Tex.Civ.App., 225 S.W.2d 431; Jarbet Co. v. Hengst, Tex.Civ.App., 260 S.W.2d 88. The loss of earning capacity rather than loss of earnings resulting from an injury is in such cases the determining factor. McIver v. Gloria, 140 Tex. 566, 169 S.W.2d 710. Although the findings concerning damages are greater than some of

the evidence would indicate, they **are not** against the great weight and preponderance of the evidence.

We cannot agree with appellant's contention that the verdict is so excessive as to be unconscionable and unjust. The evidence indicates that appellee sustained serious bodily injury which resulted in physical pain, mental anguish and loss of earnings as above noted from the date of the injury to the time of the trial. There was also evidence to the effect that only by reason of assistance from a fellow worker has appellee been able to do some of his work during that period. The damages found by the jury are not inconsistent with the evidence. They are not so large as to suggest that the jury did not impartially weigh the evidence and reach a fair and just verdict.

We have examined all points urged and find no reversible error.

The judgment of the trial court is affirmed.