John P. Donohoe, J.
This is a renewal, by leave of the court, of defendant’s motion for summary judgment dismissing the complaint in an action brought by plaintiff against defendant County of Westchester on the ground that plaintiff failed to serve a notice of claim in a manner prescribed by section 50-e of the Genera] Municipal Law.
Plaintiff allegedly sustained severe personal injuries on September 28, 1960 when he tripped on a ramp leading from the delivery entrance of the county office building in White Plains, New York.
A copy of a notice of claim embodying the particulars prescribed by subdivision 2 of section 50-e was served upon the County Attorney on December 23, 1960 and on the same day the process server delivered another copy of the notice of claim to the secretary to the clerk of the Board of Supervisors at the latter’s office. According to the process server’s affidavit the clerk of the board, Mrs. Bause, was not in at the time he came to the office, but that the lady employee (Mrs. Robinson) offered to accept service and indorsed the official receipt of the board on the original notice of claim.
*239 It further appears from the testimony of Mrs. Robinson (taken in the course of the limited examination before trial previously permitted for the purpose of developing the facts and circumstances surrounding her receipt of the copy of the notice of claim) that Mrs. Robinson did receive the copy of the notice of claim and on the same day, December 23, 1960, transmitted it with an accompanying letter to the County Attorney and that on the same day she prepared a written memorandum recording receipt of the claim to be given to the clerk of the Board of Supervisors for inclusion in the minutes of the next ensuing board meeting. The memorandum was in fact duly entered into the board minutes and the notice of claim acknowledged in the minutes as having been received, filed and referred to the County Attorney.
It is also apparent from Mrs. Robinson’s testimony that the procedure utilized in handling this notice of claim, from its receipt by Mrs. Robinson on behalf of the clerk of the board through to the entry into the board minutes of an acknowledgment of its receipt was not confined to this one instance. On other occasions Mrs. Robinson had accepted notices of claims and had initiated a similar process by which the clerk of the board, the board and the County Attorney were each informed of the existence of the claims involved.
The conclusion the court must inescapably draw from the affidavits and exhibits submitted hereon is that the defendant was fully and timely apprised of the existence and. particulars of plaintiff’s claim albeit the notice was not served by registered mail or personally on the clerk of the board.
However, the approach that the court must take toward the defendant’s reliance upon the literal terms of section 50-e in view of the facts involved here is contained in Mr. Justice Gulotta’s opinion in Matter of Greguski v. Town of Oyster Bay (19 Misc 2d 763, 764) wherein he said: “The primary function of our courts is to see that justice is done, and the framework of the law is just a means to that end. In enacting section 50-e of the General Municipal Law it was the intention of the Legislature that municipalities be given prompt notice of claims so that an immediate investigation might be made to explore the merits of the claim while information is still readily available. (Teresta v. City of New York, 304 N. Y. 440.) By the same token, it was never intended that the enactment be used as a device to defeat the rights of people with legitimate claims against municipalities on grounds devoid of any merit. (Robinson v. Board of Educ. of Galway Cent. School Dist. No. 1, 1 Misc 2d 634.) ”
*240 If this court were to hold that as a matter of law the notice of claim was not duly served within the requirements of section 50-e it would indeed permit the use of the section: “as a device to defeat the rights of people with legitimate claims against municipalities on grounds devoid of any merit.” (See Robinson v. Board of Educ. of Galway Cent. School Dist. No. 1, 1 Misc 2d 634; Avery v. O’Dwyer, 201 Misc. 989, mod. on other grounds 280 App. Div. 766, affd. 305 N. Y. 658.)