Domenick L. Gabrielli, J.
In this negligence action, the plaintiff seeks an order permitting her to serve an amended notice of claim and for permission to serve an amended complaint, the only amendment to which will be the allegation of the service and filing of the amended notice of claim. The *707 defendant, City of Hornell, resists the application claiming among other things that there is no notice of claim to be amended and that the court lacks authority to grant the requested relief. The individual defendant does not oppose the application.
It appears that the claimant was injured in a fall on one of the sidewalks of the city on January 17, 1963. Eight day# later, the claimant wrote a letter to the Mayor in which (1) she described the place where the accident occurred; (2) listed tb#> injuries and fractures sustained; (3) stated the name of the hospital where she received treatment; (4) the name of her attending physican (who was also the Health Officer for the city); (5) stated the negligence she was claiming and the reason for her fall; (6) the fact that a previous complaint of the eon dition had been made by someone; (7) and that she was asking the city to take care of her damages.
On January 29, 1963, the Mayor acknowledged receipt of tin letter and that the “report” would be turned over to the city’s insurance company for processing. Two days later, the claims manager of this company wrote to the claimant to the effect that he would soon contact her.
Thereafter and on February 11, 1963, this representative went to the claimant’s home, interviewed her and took a signed statement from her in which she answered all of his questions and informed the agent as to where, when and how the accident occurred, as well as the nature and extent of her injuries.
After a further exchange of correspondence, the agent, on June 4, 1963, wrote to the claimant denying payment and, in fact, stated “We have considered your claim very carefully in the light of our investigation and the material that has been submitted to us.” (Italics mine.)
It might be well to here point out that upon the argument of this motion, counsel for the city conceded that the actions of the agent for the insurance company were those of the city, and that he was acting as the agent of the city.
The letter of January 17, 1963 was actually received by the Mayor of the city and, of course, well within the 90-day period specified by the statute. In addition, positive action was taken by the city, not only in acknowledging the claim, but promptly forwarding it to its agent and investigator for consideration; all of which was followed up by an actual examination of the claimant by the city’s agent on February 11, 1963, less than 30 days following the accident.
It is, of course, true that the letter of January 17, 1963 did not state the amount demanded. This is not necessary under the *708 circumstances present. There is no requirement that the notice set forth the amount of claimed damages. (Matter of Zultowski v. New York Tr. Auth., 9 Misc 2d 231.)
Basically, the serious questions here are whether the letter of January 17, 1963 was a notice of claim and whether the notice of claim was properly served.
As to the latter proposition, the city not only caused the claim to he actively investigated, but the representative of the city interviewed the claimant, presumably at some length, and, as claimant states, received all of the information as to how, when and where the accident occurred and the nature and extent of her injuries. This is not denied by the city and although the signed statement was not made a part of the motion papers, the city admitted this had been done.
In this court’s opinion, the instant case is, in many respects, parallel to the situation presented in Teresta v. City of New York (304 N. Y. 440), in which it was held that the then statutory requirements as to service had been waived where the notice of claim, sent by ordinary mail, had actually been received and acted upon by an executive officer of the city.
As to the defendant city’s claim that the motion must fall because the notice was in the form of a letter and not verified, this too is unfounded and, under the present circumstances, will not deny the claimant’s requested relief.
Where no prejudice can be shown, it has been held (and there is much logic to sustain the contention) that where a municipality has been given written notice in letter form within the statutory 90-day period, an amendment would be allowed where the original notice contained all the pertinent and necessary information required to provide the city with proper information as intended by the General Municipal Law and the city has had an opportunity to conduct an examination of the claimant. (Boettner v. Village of Mamaroneck, 123 N. Y. S. 2d 849; see, also, Horowitz v. Village of Monticello, 18 A D 2d 947.)
Subdivision 3 of section 50-e of the General Municipal Law provides that when the manner of service of a notice of claim is defective, it may nevertheless be deemed valid if two conditions are found to exist: (1) that the notice was actually received, and (2) that the party against whom the claim was made has caused the claimant to be examined.
We have already seen and established that the notice was actually received (and, see, Boettner v. Village of Mamaroneck, supra; Horowitz v. Village of Monticello, supra) so there *709 remains only the question of whether the city had 1 ‘ caused the claimant to be examined ”. Just as it has been held that an examination of hospital records constitutes an examination (Soules v. City of Rochester, 10 A D 2d 362 [4th Dept.]) so also should the more extensive and exhaustive procedure of questioning the claimant (possibly under oath) as to the manner of the happening of the accident, injuries sustained, and taking a signed statement of the questioning, be all the more considered as an examination of the claimant.
The statute (General Municipal Law, § 50-e, subd. 6) providing that notice of claim for injuries against a municipality must be given within 90 days of injury, and further providing that the court may, in its discretion, permit notice of claim to be amended, should be liberally construed, provided the municipality is not prejudiced thereby. (Boettner v. Village of Mamaroneck, supra.)
In Robinson v. Board of Educ. (1 Misc 2d 634) defendant moved for dismissal of the complaint upon the ground that a ‘ ‘ claim ’ ’ had not been served in the manner and within the time set forth in section 50-e of the General Municipal Law. The plaintiff cross-moved for alternative relief to permit an amendment to a written notice, which was unverified and was served by mail as here. There, as here, the notice set forth the date and place of the accident and that the injuries were severe and permanent. The court held that because the school district was not prejudiced, the “letter” (claim) could be amended to add a verification and the right to further state the basis of the claim and the damages sustained.
A related and somewhat parallel situation was presented in Matter of Greguski v. Town of Oyster Bay (19 Misc 2d 763) wherein the notice was in the form of a letter which set forth the claimed injuries, the manner of the happening of the accident as well as the date and place thereof; and within 60 days, the insurance carrier for the town interviewed (examined) the claimant as to the facts concerning her injuries and claim. The town disclaimed liability on the ground that the alleged notice of claim did not comply with section 50-e of the General Municipal Law in that it was not verified and that it was sent by ordinary mail. The court, holding there would be no prejudice, permitted the amendment.
Although lack of prejudice to a municipal defendant is not the determining factor, it certainly should be considered in determining the reasonable meaning of the statutory scheme of section 50-e.
*710 The philosophy of the law in situations of this kind is well expressed in Soules v. City of Rochester (10 A D 2d 362, 364 [4th Dept.], supra) wherein the court said: “ The purpose underlying the enactment of section 50-e was to insure that municipalities would be given prompt notice so that investigations of claims could be made expeditiously (Winbush v. City of Mt. Vernon, 306 N. Y. 327; Sandak v. Tuxedo Union School Dist. No. 3, 308 N. Y. 226). The saving provisions in subdivision 3 were intended as remedial legislation and should be construed liberally (Matter of Anderlohr v. City of New York, 201 Misc. 605; 1951 N. Y. Legis. Annual, p. 42).”
The enactment of section 50-e of the General Municipal Law was never intended to be used as a device to defeat the rights of people with legitimate claims on grounds devoid of any merit. (Robinson v. Board of Educ., 1 Misc 2d 634, supra.) The intention of the Legislature in enacting section 50-e of the General Municipal Law was that such be used as a shield, and not as a sword to defeat the rights of a person who had a legitimate claim. The function of our courts is to assure that justice is done, and the framework of the law is just a means to that end. As was aptly stated in Greguski v. Town of Oyster Bay (19 Misc 2d 763, 764, supra): “In enacting section 50-e of the General Municipal Law it was the intention of the Legislature that municipalities be given prompt notice of claims so that an immediate investigation might be made to explore the merits of the claim while information is still available ”. (Citing Teresta v. City of New York, 304 N. Y. 440, supra.)
It is significant here that as a part of the motion papers, the affidavit of the defendant did not contain a copy of the admittedly taken statement of the claimant by the representative of the city. It must be assumed that the allegation of the claimant that the examination on February 11, 1963 concerned all phases of the accident, the injuries, expenses, claimed negligence, etc., was factual and true.
I am convinced that the city will in no way be prejudiced by permitting service of an amended notice. It is quite apparent that an injustice, never contemplated or intended by the statute, would result from a denial of this relief.
This court, therefore, concludes that, in the interest of justice, (1) the letter presenting the notice of claim be amended to add a verification thereto, and to further state the damages claimed which the claimant allegedly sustained and (2) that the complaint be amended to allege the service of the amended claim.