In the Matter of the Claim of LEONA M. KAISER, Appellant, *v.* TOWN OF SALINA et al., Respondents.

Fourth Department, February 20, 1964.

*Smith, Sovik, Terry, Kendrick, McAuliffe & Schwarzer* (*James A. O'Shea* and *John Timothy Smith* of counsel), for appellant.

*Hancock, Dorr, Ryan & Shove* (*Robert Small* of counsel), for respondents.

*Per Curiam.* In this appeal from Special Term's order denying permission to file a notice of claim, pursuant to subdivision 6 of section 50-e of the General Municipal Law, appellant presents the following fact situation which we believe entitles her to the relief she seeks.

Appellant was injured on February 10, 1962 as a result of the alleged negligence of respondent town's employee when the town's snowplow collided with a bus in which the appellant was a passenger. The day following the accident appellant retained an attorney who interviewed her at her home and undertook to represent her. No claim was filed by appellant within the 90-day period required by section 50-e. Notwithstanding the failure of appellant to file the required notice, the town received information about the accident for on February 26, 1962 its insurance carrier, American Surety Company, wrote appellant's attorney requesting a physical examination of the defendant. On March 21, 1962 a second letter was written by the town's insurance carrier for it had not received reply to its first letter and again asked for the physical examination, which was thereafter had on April 3, 1962. On March 28, 1962, still well within the 90-day period, Liberty Mutual Insurance Company, the disability insurance carrier for appellant's employer, filed a notice of lien upon respondent town notifying the town that it claimed a lien for disability payments made to appellant for the period of her absence from work as a result of the injuries sustained in her accident. That notice of lien gave the appellant's full name, the date and place of the accident, her employer's name and its insurance carrier's name and carried at the bottom a notice under the word " IMPORTANT " informing that " If you are covered by Liability Insurance, this notice should be turned over to your Insurance Carrier promptly ". Appellant's position is further strengthened by an affidavit of her then attorney (not her attorneys on this appeal) stating with great particularity that his failure to file the section 50-e notice resulted from the fact that he was disabled by reason of serious physical and mental disability. He was in fact a patient at Marcy State Hospital and at the time when appellant contacted him he was home on leave from that hospital. Appellant's then attorney accepts full responsibility for failure to file but this standing alone would not excuse that failure.

In our view, under the circumstances, appellant should have been permitted, pursuant to subdivision 6 of section 50-e of the General Municipal Law, to file the notice of claim, annexed to

her order to show cause, *nunc pro tunc* as of about March 28, 1962 when the notice of lien was filed by Liberty Mutual Insurance Company with the respondent town. *Winbush* v. *City of Mount Vernon* (306 N. Y. 327, 333) clearly sets forth the purpose of section 50-e as follows: "The primary purpose of section 50-e (*supra*), as often stated by the courts, is to give to a municipality prompt notice of such claims, so that investigation may be made before it is too late for investigation to be efficient (see Justice Shientag's opinion for the Appellate Division in the *Charlemagne* case, 277 App. Div. 689, *supra*, which we affirmed, and see, also, *Teresta* v. *City of New York*, 304 N. Y. 440, 443). We have been very strict in some of the decisions such as *Matter of Martin* v. *School Bd.* (*Long Beach*) (301 N. Y. 233), but the errors in those cases were as to the time of service, and we were forced by the very language of the statute to hold that the time provisions contained in section 50-e (*supra*) are mandatory and beyond the reach of the courts. However, there is in the above-quoted subdivision 6 of the section (*supra*) the broadest kind of provision giving the courts discretion, in the absence of prejudice, to correct, supply or disregard a good faith mistake, omission, irregularity or defect 'not pertaining to the manner or time of service'. Subdivision 6 makes it plain that the Legislature, to carry out the prime purpose of section 50-e, insists on a precise time limit for claims, and precise compliance with the requirements as to what officers are to be served, but leaves it to the discretion of the courts to correct any other kind of mistake or defect in such a paper."

An examination of the legislative history of this statute amply reveals that it was not the intent of the Legislature to have the statute so strictly construed as to deprive a party of her right to her day in court on the merits. As was said by Justice Froessel when sitting at Special Term in *Matter of Ostrow* (77 N. Y. S. 2d 463, 465): "The statute [§ 50-e] is remedial in nature and should be liberally construed." This position is further buttressed by the Tenth, Eleventh and Twelfth Annual Reports of Judicial Council in the recommendations relating to this statute. At page 265 of the Tenth Annual Report the Council said: "An examination of the decisional law, however, indicates that far too often technicalities in this field have prevented the disposition of honest claims on their merits." The recommendations of the Judicial Council were made to the Legislature " to rectify the frequent and often gross injustices by which defects in form have prevented consideration of claims against municipal corporations on their merits." (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 44.)

We recognize that the absence of prejudice to the town, and there is none shown here, standing alone is not sufficient to excuse late filing. In our judgment the notice here was timely for it was made about 46 days after the accident by the filing of the lien of Liberty Mutual Insurance Company (see § 50-e, subd. 3). In a very similar situation the First Department in *Verley* v. *City of New York* (11 A D 2d 1015) permitted an amendment to a claim, under subdivision 6 of section 50-e of the General Municipal Law, by inserting the plaintiff's name in the place of the workmen's compensation carrier which had filed a timely notice, just as was done by the disability carrier in the case at bar.

We are satisfied that under the circumstances here presented there is authority for the filing of appellant's claim *nunc pro tunc* and the interests of justice will be served by permitting her to do so.

The order should be reversed and the motion to permit filing of a notice of claim granted.

WILLIAMS, P. J., BASTOW, GOLDMAN, HENRY and DEL VECCHIO, JJ., concur.

Order unanimously reversed, with costs, and motion to permit filing of a notice of claim granted, without costs.