In the Matter of ISAAC PUTTERMAN, Appellant, v. FRED TVEDT, as Assessor of the Town of Somers, et al., Respondents.

Beldock, P. J., Brennan, Hopkins and Munder, JJ., concurs; Benjamin, J., dissents and votes to reverse the order and to deny the motion to dismiss the petition, with the following memorandum: This proceeding to review a real estate tax assessment (under article 7 of the Real Property Tax Law) was instituted by service of three copies of the petition and notice of application upon the Assessor of the Town of Somers and of one copy upon the chairman of that Town's Assessment Board of Review. The service was made at their respective business offices in said town. No service was effected upon the Town Clerk of the town. Sections 704 and 708 of the Real Property Tax Law provide that such proceeding shall be instituted by service of three copies of the petition and notice upon the clerk of the assessing unit, or if there be no clerk, upon the officer who performs the customary duties of that official. The Town of Somers has a Town Clerk; the assessing unit is the town; and the Town Clerk is thus the officer designated in sections 704 and 708 to receive service of the petition and notice in these proceedings (Real Property Tax Law, § 102). Somers has only one assessor, and the Assessment Board of Review is comprised of that assessor, the supervisor, and one other official of the town. It is plain that the requirement of service upon the clerk of the assessing unit is intended to ensure that the officials responsible for making and reviewing the assessment (in this case the town's single assessor and the Assessment Board of Review) are directly apprised of the claim of over-assessment and the court proceeding to review it. Clearly, then, there has been, at the very least, substantial compliance with the statute where service has been made *directly* upon the assessor and the chairman of the Assessment Board of Review, since they have thus been more directly apprised of petitioner's claim and proceeding than if the papers had been served upon the

Town Clerk for transmission to those officials. Defendants and the learned Special Term relied upon *Matter of Watson Blvd. Apts.* v. *Huffcut* (23 A D 2d 508) and *Matter of Shanty Hollow Corp.* v. *Poladian* (23 A D 2d 132, affd. 17 N Y 2d 536) for their conclusion that the failure of petitioner to serve the Town Clerk was a fatal, jurisdictional defect that required dismissal of this proceeding. It is true that *Watson Blvd. Apts.* (a 3d Dept. case) is on all fours with the case at bar, but I disagree with its hypertechnical reasoning and grossly inequitable result and am not inclined to follow it. *Shanty Hollow* is readily distinguishable from the present case, since there the service was upon a personal employee of the chairman of the Board of Assessors, not upon an employee or officer of the town. Apart from the foregoing, this petitioner would seem to have been the victim of what might be termed an "entrapment" by defendants. He effected the service upon the assessor and chairman of the Assessment Board of Review 15 days before the expiration of the 30-day statutory period for commencement of this proceeding. Defendants carefully waited for 17 days before they raised the issue of alleged invalidity of the service, and by then it was too late for petitioner to correct it. On these facts, I believe defendants are barred by waiver and estoppel from attacking the validity of the service (cf. *Teresta* v. *City of New York*, 304 N. Y. 440). For the foregoing reasons, I vote to reverse the order dismissing the petition and to deny defendants' motion.