In the Matter of DOROTHY OSTROW, Petitioner, against CITY OF NEW YORK, Respondent.

Supreme Court, Special Term, Kings County, December 17, 1947.

*Louis Dubow* for petitioner.

*John P. McGrath, Corporation Counsel* (*Helen C. Corbett* of counsel), for respondent.

FROESSEL, J. Application, pursuant to subdivision 6 of section 50-e of the General Municipal Law, for leave to amend a notice of claim so as to indicate with greater particularity the place where the alleged accident occurred.

Petitioner's proposed amended notice of claim reads, in part, as follows: " while claimant was crossing at the corner of Crown Street & Troy Ave., Brooklyn, N. Y., *at the intersection nearest 650 Crown Street, Brooklyn, N. Y., and going across Crown Street at the intersection thereof, and while properly and lawfully crossing at said intersection about half way across the roadway,* she was caused to slip and fall ". (Italics supplied.) The amendment consists of the insertion of the italicized portion of the above quotation.

The city opposes the motion on the grounds (1) of prejudice and (2) that the examination of the claimant by the comptroller does not cure the defect in the notice of claim.

The court does not believe that the city will be prejudiced by the proposed amendment. The city's further contention, supported by cases, that its examination of the claimant does not cure a defective notice of claim is not in dispute. If it did, this motion would be unnecessary. Nor is it a valid objection to this application that petitioner was not an infant nor under a disability. That argument might have been directed to the previous application for leave to file a notice of claim after the expiration of the sixty-day period. The order made thereon is not reviewable here. The statute restricting the court's power to permit the late filing of a notice of claim to infants and persons under a disability is found in subdivision 5 of section 50-c of the General Municipal Law, whereas the instant application is made pursuant to subdivision 6 which contains no such limitation.

Section 50-e of the General Municipal Law was added by chapter 694 of the Laws of 1945 in order " ' to rectify the frequent and often gross injustices by which defects in form have prevented consideration of claims against municipal corporations on their merits.' (Tenth Annual Report of N. Y. Judicial Council, 1944, p. 44; see, also Eleventh Annual Report of N. Y. Judicial Council, 1945, p. 51.) '' (*Turner* v. *City of New York*, 185 Misc. 1012, 1013.) Cases dealing with the sufficiency or insufficiency of the notice (cf. *Rivero* v. *City of New York*, 290 N. Y. 204, 208; *Schwartz* v. *City of New York*, 250 N. Y. 332, 335) are not in point. They were decided prior to the 1945 amendment. Furthermore, petitioner does not claim that her present notice is sufficient. She seeks to make it so. The statute is remedial in nature and should be liberally construed. (*Miller* v. *City of New York*, 187 Misc. 926.)

The application is accordingly granted. Submit order.