Shientag, J.
On May 14, 1950, the claimant respondent met with an accident on the sidewalk in front of premises 744 Fox Street, borough of Bronx, city of New York. Within sixty days thereafter, and on or about July 3, 1950, two notices of claim against the city were prepared and signed in the offices of the attorneys for the claimants: one on behalf of the respondent for injuries she is alleged to have received in consequence of the accident and the other on behalf of her husband for loss of the services of his wife and for medical expenses arising out of the injuries sustained by her. Both of these notices of claim were verified.
The notice of claim on behalf of the respondent’s husband was filed with the city within the sixty-day period, namely, on July 12, 1950, but through inadvertence the attorneys neglected to serve the notice of claim of the injured wife. Upon discovering this error, and on or about July 24th, the attorney for the respondent, who was also the attorney for the husband, moved at Special Term for an order permitting the wife to serve her notice of claim upon the city and for “ such other, further "and/or different relief as * * * may seem just- and proper.” This motion was granted/
This case is unlike the recent cases decided by the Court of Appeal's in which no notice of claim was filed on behalf of an infant or of an incompetent within the statutory period prescribed by section 50-e of the General Municipal Law (Matter of Martin v. School Bd. of Long Beach, 301 N. Y. 233; Matter of Moore v. City of New York, 302 N. Y. 563). That section, so far as is here pertinent, requires that in any case founded upon tort, where a notice of claim is required by law as a condition precedent to the commencement of an action against a public corporation, the notice shall be given within sixty days (later changed to ninety days; L. 1950, ch. 481, eff. Sept. 1, 1950) after the claim arises. The section requires that the notice shall be in writing, sworn to by or on behalf of the claimant and *691 makes detailed requirements as to what the notice should contain.
Subdivision 6 of section 50-e, which although amended in 1950 (L. 1950, ch. 481) was substantially in the same form at the time of the accident as it is now, provides that at or before the trial of an action to which the provisions of the section are applicable, “ a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time of service thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby. Application for such relief if made before trial, shall be by motion, on affidavits.”
The statute makes clear that amendment is not limited to technical or merely formal flaws. The court is given express authority to allow amendments to supply omissions and to correct mistakes. In only two specified areas is amendment forbidden. In all others, the only criterion is that “ it shall appear that the other party was not prejudiced thereby.” It is clear in this case that the city will suffer no prejudice from the allowance of the present amendment. The city received full and detailed notice of the accident and of the fact that it would result in litigation. The husband’s notice of claim complied in every respect with the requirements of subdivision 2 of section 50-e. It set forth the address of the claimant and the name and address of his attorney. Under the heading of The nature of the claim, it recited, “ The claim is for loss of services and medical expenses arising out of injuries sustained by the said claimant?s wife Catalina Charlemagne.” Under the heading of The time when, the place where and the manner in which the claim arose appears the following statement: “ My wife’s accident took place on the 14th day of May, 1950, at or about 10:30 to 11:00 a.m., in front of a grocery store in the premises of 744 Fox Street, in the Borough of Bronx, City of New York, when while the undersigned’s wife was lawfully walking on the sidewalk in front of these premises, to wit, 744 Fox Street, Bronx, N. Y., she was caused to have her foot caught in a hole upon the said sidewalk and as a result of which, she was precipitated to the pavement. That the said occurrence was caused through and by reason of the negligence of the City of New York, its agents, servants and/or employees and without any fault or negligence on the part of the claimant’s wife in that it failed to provide the claimant’s wife with a safe- place of *692 passage, and was otherwise negligent in that it permitted and allowed the said hole to exist for a long period of time and hy this creation of the said conditions for a long period of time an absolute nuisance was created and maintained.” Under the heading of The items of damage or injuries claimed was set forth the following: “ My wife sustained a fracture of the right foot and other injuries to her head, body, brain and nervous system. These are the injuries that can be ascertained at the present time.” The husband verified the notice and swore that the contents were true to his own knowledge. The notice thus set forth all of the information which a claim in behalf of the wife should or would have contained.
The failure to file the notice of claim on behalf of the injured wife or to include her notice of claim with that of her husband’s, was thus only a nominal mistake made in good faith. It is clear, moreover, that to allow the husband’s.claim to be amended so as to include that of the wife, with her verification thereof could in no way prejudice the defendant City of New York. The test of prejudice is a realistic one. Any investigation made by the city to determine the merit of the husband’s claim necessarily would cover the same ground as would one required to meet the wife’s claim. As the husband’s claim is essentially auxiliary to the wife’s, on trial the same evidence and the same testimony would be needed in defense against both.
If the notice of claim filed by the husband had included the words “ and on behalf of my wife ” it could not be doubted that the wife’s claim would be fully preserved. To construe the statute so strictly that the omission of these words serves to deprive the respondent wife of her right to litigate her claim on the merits is to incorporate into the statute a severity in direct controversion of the legislative intent. The statute is remedial and should be liberally construed. (Matter of Ostrow v. City of New York, 191 Misc. 240.)
The order below should be modified on the law and on the facts, with $20 costs and disbursements to the respondent, and the notice of claim filed by the husband for loss of services is allowed to be amended so as to include therein a verified notice of claim on behalf of the wife.
Peck, P. J., Callahan and Van Yoorhis, JJ., concur; Dore, J., taking no part.
Order unanimously modified on the law and on the facts, with $20 costs and disbursements.