Charles J. Beckinella, J.
This is a motion made pursuant to subdivision 6 of section 50-e of the General Municipal Law to amend a notice of claim filed by the plaintiffs with the defendant on November 28, 1947.
The plaintiffs are the owner of a building and a druggist who occupied a store in the building. In the notice of claim filed on November 28, 1947, the plaintiffs alleged that they had sustained damages by reason of the fact that the City of New York had negligently operated its transportation system near the building so as to cause excess vibration; had negligently inspected the building so as to cause it to become unsafe and had caused the building to be condemned by not notifying the owner of the dangerous condition which had been caused by the city.
In the proposed notice of claim the plaintiffs restate all that is contained in the notice of claim served on November 28, 1947. Also included is an allegation that the city negligently constructed a subway entrance adjacent to the plaintiffs’ building ; excavated more than 10 feet below the curb without shoring up or otherwise protecting the building and without requesting permission of the owner to protect the building during the course of construction, all of which was in violation of the Administrative Code of the City of New York. It is also alleged that the subway entrance was constructed between 1941 and 1945 and that the damage was discovered during 1947.
In an affidavit supporting the itistant application the president of both plaintiffs states that the notice of claim filed on November 28, 1947 " inadvertently omitted any allegation of negligence ’ ’ by the city in the construction of the subway entrance, its failure to shore up the building or comply with the Administrative Code. Thereafter, on September 6, 1950, states the president, “ a second notice of claim was filed, setting forth a cause of action for improper construction of the subway entrance and failure to comply with the Administrative Code.”
After the second notice of claim was filed an amended complaint was served setting forth the cause of action alleged in that second notice of claim. The instant motion is made to protect the plaintiffs’ rights upon the trial since the second *90 notice of claim was filed more than 60 days (the applicable period in 1947) after the cause of action accrued.
Subdivision 6 of section 50-e of the General Municipal Law provides that: “a mistake, omission, irregularity or defect made in good faith in the notice of claim required to be served by this section, not pertaining to the manner or time thereof, may be corrected, supplied or disregarded, as the case may be, in the discretion of the court, provided it shall appear that the other party was not prejudiced thereby. ’ ’
The plaintiffs contend that the proposed amendment will not prejudice the city because the latter was advised in December, 1947, at a hearing before the comptroller that the plaintiffs’ claims were based both on “ negligent construction and vibration.” As to this contention the law is that an examination by the city of a claimant does not cure a defective notice of claim. (See Matter of Ostrow v. City of New York, 191 Misc. 240, 241 [opinion by Froessel, J.].)
It seems quite obvious from a consideration of pages 279 and 280 of the Tenth Annual Report of the New York Judicial Council, 1944, that subdivision 6 of section 50-e of the General Municipal Law is aimed at the correction of purely formal mistakes, omissions, irregularities and defects in notices of claims. While subdivision 6 is not the exact provision that was recommended by the Judicial Council, the major substance of the council’s recommendation is contained in subdivision 6. In its comment on the subdivision it recommended, the Judicial Council referred to the unfortunate results that obtained in the past from “ excessively technical insistence upon compliance with statutory formalities,” and stated that the proposed subdivision would permit the court to disregard formal defects in notices of claims. See, also, page 51 of the Eleventh Annual Report of the New York Judicial Council, 1945, where it is stated that the council’s recommendation of section 50-e of the General Municipal Law was “ to rectify the frequent and often gross injustices by which defects in form have prevented consideration on their merits of claims against municipal corporations.”
The Court of Appeals in Teresta v. City of New York (304 N. Y. 440) has referred to subdivision 6 of section 50-e in language denoting that the statute is concerned with the correction of formal defects as distinguished from oversights of substance. The court stated (p. 443): “ Subdivision 6 of section 50-e, upon which defendant relies, does not purport to affect the city’s power to waive formql defects relating to the notice *91 of claim, but deals only with the power of the courts, independently of such a waiver, to ‘ correct, ’ ‘ supply ’ or ' disregard ’ such defects.”
The instant application attempts far more than the remedying of a mere formal defect in the notice of claim served on November 28, 1947. The proposed amendment to the notice of claim alleges liability on the city’s part for reasons not even suggested in the original notice of claim. Indeed, to allow this amendment would be to deprive the city of the “ prime, if not the sole, objective of the notice requirements of such a statute [which] is to assure the city an adequate opportunity to investigate the circumstances surrounding the accident and to explore the merits of the claim while information is still readily available.” (Teresta v. City of New York, supra, p. 443.)
Accordingly, the motion is denied on the ground that subdivision 6 of section 50-e of the General Municipal Law does not extend to the kind of amendment sought by this motion. In any event, the motion is denied as a matter of discretion for it appears that the city would be prejudiced by the granting of the motion.
Settle order on notice.