Frank D. Paulo, J.
The plaintiff Eugene Jordan, Sr. moves for an order permitting him to serve an amended notice of claim upon the defendant setting forth in detail his claim for loss of services.
The papers reveal a claim made on behalf of an infant plaintiff for personal injuries arising out of the alleged negligence of the City of New York in the ownership, management, operation and control of a certain parcel of vacant land. The accident occurred on July 8, 1956.
On August 14, 1956, a verified notice of claim dated August 13, 1956 was served on the defendant. The notice of claim describes in detail the date and place of the accident. The injuries of the infant plaintiff are itemized in the notice of claim.
In paragraph No. “ 1 ” of the notice in answer to a request for the name and address of each claimant and of his attorney, after setting forth the information as to the attorney, the following is written: “ Eugene Jordan, Jr.; an infant and his father, Eugene Jordan, 123 Butler Street, Brooklyn, N. Y.”
It is apparent that the notice advised the defendant that the father was one of the claimants. That the defendant so construed the notice is shown by the examination held in the comptroller’s office on September 13, 1956.
A transcript of the examination has been given to the court in connection with this motion. The names of the infant and the father are set forth as claimants. The transcript at page 4 thereof shows that the father Eugene Jordan was examined as to the injuries of the infant, and also as to the expenses incurred by him in connection with the treatment of these injuries.
The defendant has been served with a notice of claim that alerted it as to the nature of the claims being made, and the time and place of the accident. The defendant does not contend that the notice was not served within the time and in the manner required by section 50-e of the General Municipal Law. In fact, even the examination of both claimants was completed before the expiration of 90 days from the happening of the accident.
*997 The facts presented by the papers before the court indicate the very situation to which the salutary provisions of subdivision 6 of section 50-e of the General Municipal Law should be applied. The defendant here has received prompt notice of the claim and has had a quick opportunity to investigate. There is no showing of any prejudice. It has therefore received the benefits which section 50-e is intended to confer. (See Winbush v. City of Mount Vernon, 306 N. Y. 327, 333.)
In Matter of Charlemagne v. City of New York (277 App. Div. 689, affd. 302 N. Y. 871) the court permitted the notice of claim of the husband to be amended to include the claim of the wife for her injuries where through inadvertence the notice of claim of the wife had not been filed. Judge Shientag, writing for the court, said at page 692, with respect to the notice of claim of the husband which had been filed: “If the notice of claim filed by the husband had included the words ‘ and on behalf of my wife ’ it could not be doubted that the wife’s claim would be fully preserved.”
The present application of the plaintiff is even stronger than the situation which persuaded the court to act in Matter of Charlemagne v. City of New York (supra). To deny this plaintiff the relief prayed for, would be to permit the very pitfalls which the statute was designed to eliminate, to frustrate the exercise of plaintiff’s rights. (See Matter of Ostrow v. City of New York, 191 Misc. 240; Baxter v. Turner, 111 N. Y. S. 2d 10; Teresta v. City of New York, 304 N. Y. 440.)
The motion of the plaintiff is granted. Plaintiff is given leave to amend the notice of claim to provide therein a statement of his claim for loss of services and expenses incurred.