Jacob J. Schwartzwald, J.
An application has been made on behalf of an infant over the age of 14 years, to wit, 20 years of age, and his guardian ad litem for leave ‘1 to serve an amended Notice of Claim ” upon the New York City Transit Authority.
The relief is apparently being sought pursuant to the provisions of the General Municipal Law (§ 50-e, subd. 6) since the appeal for relief directs itself to the court’s discretion and includes as a ground for the application the allegation that the other party will not he prejudiced thereby.
*712 According to the first notice of claim, timely served, the infant was injured on April 3, 1960 as the result of certain described acts of negligence, as well as omissions, in the maintenance, operation and supervision of the respondent’s subway platform and tracks, all of which was particularly identified.
The only affidavit submitted in support of the motion, subscribed by a member attorney of the trial law firm engaged by claimants’ counsel", recites that the occurrence as above described “ differs greatly from the actual manner in which the claim arose, as testified to by the infant claimant in his oral hearing held at the New York City Transit Authority on July 21, 1960.”
For the purpose of conforming their first notice of claim to the testimony as given by the infant claimant before the Transit Authority on July 21, 1960, claimants now seek to substitute a notice of claim which alleges that the infant’s injuries emanated from an unprovoked assault perpetrated upon the infant by a conductor employed by the Transit Authority and that the infant’s fall from the subway platform did not result from any negligence upon the part of the Transit Authority but rather from the initial injury which the infant sustained when he, a passenger, was forcefully ejected from a subway train, causing him to strike his head against a supporting pillar on the subway platform.
The attorney explains that ‘ ‘ this situation arose because of the almost total inability of the infant claimant to speak the English language ”, He continues by saying that the original information was obtained from an official (and apparently proper) Police Department report ‘ ‘ together with what was stated by the infant claimant and/or through his guardian at an oral interview ” about five weeks after the occurrence. The attorney states that “we finally ascertain[ed] the true and accurate manner in which this claim arose ’ ’ one day before the oral hearing at the Transit Authority.
Aside from the fact that the court has been requested to accept the wholly conelusory statement of the claimants’ attorney that the second account of the occurrence is the true version, no adequate reason has been shown why the court, assuming it has the power under the statute, should permit a substantive change in the claim to be made at this late date in view of the expiration of the 90-day Statute of Limitations barring the service of a new notice of claim.
The court finds that the transformation of the claim from one grounded in negligence tó one based upon an intentional assault is substantive in nature. The court’s authority under section *713 50-e (subd. 6) is limited to correcting a formal defect, “ a mistake, omission, irregularity or defect made in good faith, ’ ’ and does not include any power to the court to allow an amendment which is substantive in nature and changes the theory of the claim. (Gersyl Corp. v. City of New York, 10 Misc 2d 88, affd. 3 A D 2d 941; cf. Teresta v. City of New York, 304 N. Y. 440.)
The court may not consider the application as being one seeking to file a late notice of claim on behalf of the infant claimant alone under subdivision 5 of said section 50-e, since it has not been shown that the 20-year-old infant claimant failed to serve such notice of claim, as has now been proposed, within the 90-day period “ by reason of the infancy ” (Matter of Nori v. City of Yonkers, 274 App. Div. 545, 547, affd. 300 N. Y. 632). Motion denied.