Henry A. Hudson, J.
The plaintiffs have moved for an order allowing them to serve a verified, amended notice of claim in duplicate, nunc pro tunc, as of February 16, 1960 and also allowing them leave to amend the complaint in each of the above-entitled actions to duly allege service of the amended notice of claim. The defendant by cross motion has moved pursuant to rule 106 of the Buies of Civil Practice, to dismiss the complaints upon the ground that such complaints do not state facts sufficient to constitute a cause of action. The motion by the defendant to dismiss the plaintiffs’ complaint is based upon two separate grounds, first, that the notice of claim filed by the plaintiffs was defective under section 50-e of the General Municipal Law and, second, that the complaints fail to allege the inapplicability of section 341-a of the Village Law.
I will first consider the cross motion to dismiss the complaints. The fact that the notice of claim is insufficient to comply with the provisions of section 50-e is conceded, in effect, by the motion of the plaintiffs for permission to amend both the notice of claim and the complaints, so that the defendant would be entitled to a dismissal of the complaints as they now stand unless the court grants the motion of the plaintiffs to amend. However, if the defendant is correct in its position that section 341-a of the Village Law precludes the right of the plaintiffs to recover and, therefore, that the defendant is entitled to a dismissal of the complaints on this ground, the plaintiffs’ motion to amend would be academic.
The allegations of the complaints clearly set forth as the basis for the plaintiffs’ cause of action, active negligence upon the part of the defendant in removing snow and ice from the sidewalk, which, it is alleged, was maintained by the village itself. I am, therefore, of the opinion that section 341-a does not apply to such allegations of active negligence. (Boyle v. E. C. Holding *312 Corp., 193 Misc. 204; Calkins v. City of Plattsburgh, 11 A D 2d 153.)
The defendant’s motion to dismiss the complaints by reason of the provisions of section 341-a of the Village Law is denied, without costs.
The defendant’s motion to dismiss the complaints for the reason that the notice of claim filed by the plaintiffs is defective is granted but only upon the terms and conditions hereinafter set forth.
An examination of the notice of claim clearly indicates that it fails to comply with the requirements of subdivision 2 of section 50-e of the General Municipal Law in many particulars. It is not sworn to. It does not correctly specify whether it relates solely to the claim of Matilda Bailey or would include a possible claim on the part of Henry Bailey. It does not specify with sufficient clarity the time when, the place where and the nature of the plaintiff, Matilda Bailey’s, claim for injuries. It does not specify the items of damage or injuries claimed to have been sustained either by Matilda Bailey or, if the notice of claim also relates to a claim of Henry Bailey, the items of damage or the injuries claimed to have been sustained by him. The claim was not served in duplicate but does appear to have been served personally upon an officer designated by statute as one upon whom a summons may be served on behalf of the village (General Municipal Law, § 50-e, subd. 3).
An examination of the complaints indicates that the plaintiff, Matilda Bailey, fell upon a sidewalk rather than a street in the Village of Port Leyden so that an amendment of the claim might well involve a material change in the cause of action from that indicated in the alleged notice of claim. It also, in view of the provisions of section 341-a of the Village Law, would materially change the cause of action with which the defendant would find itself faced, if an amendment to the notice of claim and amended complaints was permitted to be served. The court is not, therefore, able to determine from the moving papers before it, whether the amendments requested by the plaintiffs would constitute mistakes, omissions, irregularities or defects which might be corrected, supplied or disregarded under the provisions of subdivision 6 of section 50-e of the General Municipal Law or whether they would be of such a nature that the allowance of an amendment would constitute the allowance of an entirely new claim upon which an entirely new cause of action would be based under the proposed amended complaints. It does appear from the moving papers that the alleged notice of claim, “Exhibit A”, annexed to the plaintiffs’ moving papers, had not only been *313 received by the Cleric of the village, personally, bnt that the same had been turned over to the Hartford Accident & Indemnity Company, the insurance carrier for the defendant. The letter from such insurance carrier, “Exhibit B”, annexed to the plaintiffs ’ moving papers indicates that the claim had been thoroughly investigated, “We have considered your claim very carefully and have investigated the matter thoroughly. ’ ’ This letter was dated May 16, 1960, some four months after the accident, which occurred on January 8, 1960. Nothing in the moving papers indicates the extent of the investigation made on behalf of the Village of Port Leyden, whether the same involved an investigation of the facts which would support the claim which the plaintiffs now desire to assert under the proposed amended notice of claim or whether it was one based upon the notice of claim already filed. Nothing appears as to the extent of any settlement representations which may have been made by the insurance carrier of the defendant as suggested under subdivision 5 of section 50-e of the General Municipal Law. Nothing appears in the moving papers to indicate whether any examination of the plaintiffs was conducted by or on behalf of the Village of Port Leyden after the service of the alleged claim, “Exhibit A ”, or from which the court can determine whether the defendant would be prejudiced if it were to permit the plaintiffs to serve an amended notice of claim and amended complaints based thereon as provided for under subdivision 6 of section 50-e of the General Municipal Law.
I am of the opinion that the plaintiffs might possibly be entitled to the relief requested upon a proper showing of facts from which the court could determine whether the provisions of subdivision 6 of section 50-e were applicable under the present circumstances. (Gersyl Corp. v. City of New York, 10 Misc 2d 88; Teresta v. City of New York, 304 N. Y. 440.)
The present moving papers are insufficient, however, for the court to permit an amendment either of the notice of claim or of the complaints. The plaintiffs’ motions, therefore, are denied, without prejudice to the right of the plaintiffs to make a further application for the relief herein requested upon proper moving papers within 30 days after the service of the order denying such motions, upon the defendant’s attorneys. In the event that the plaintiffs fail to make such application within such 30 days, the defendant’s motion to dismiss the complaints because of the inadequacy and insufficiency of the notice of claim will be granted, with $10 costs. The plaintiffs’ motion to amend is denied, with $10 costs.