Matthew J. Jaseh, J.
Pursuant to rules 106 and 107 of the Rules of Civil Practice,.the defendant Town of Allegany moves to dismiss the complaint .against, it* and the plaintiff cross-moves for an order to amend the complaint.
The town contends that the complaint herein fails to plead the allegation as required by section 50-i (subd. 1, par [b]) of the General Municipal Law, to wit., that at least 30 days have elapsed since the service of said notice of claim, and therefore it is defective on its face in that it does not state a cause of action.
It is also urged that the complaint should be dismissed for the further reason that the court does not have jurisdiction of the subject matter inasmuch as the cause of action here pleaded is statutory and therefore every requirement made by the statute must be complied with.
The plaintiff opposes this motion on the grounds that the defect on the face of the complaint is not jurisdictional but procedural and therefore such defect can be waived, or the town, by its action, can be estopped from asserting same.
The facts are conceded. Plaintiff’s intestate died as the result of an accident which occurred on September 18, 1960. The administrator was appointed February 21, 1961; the notice of claim and summons and complaint were served on the town on April 25 and May 25, 1961, respectively.
Paragraph 15 of the complaint is the crux of this motion. This paragraph reads: “ That on the 25th day of April, 1961, and within ninety (90) days following the appointment of plaintiff as administrator of the Estate of Ronald L. Renwiclc, a notice in writing of the claim against the Town of Allegany was served upon the defendant in accordance with the laws of the State of Few York and that fifteen (15) days have elapsed since the presentation, filing and service of such notice; that this action is commenced within one year from the time when the within cause of action arose.”
Plaintiff seeks to amend said paragraph 15, claiming mistake and inadvertence, by substituting the following: “ That on the 25th day of April, 1961, and within ninety (90) days following the appointment of plaintiff as administrator of the Estate of Ronald L. Renwick, a notice in writing of the claim against the town of Allegany was served upon the defendant in accordance with the laws of the State of Few York; at least thirty (30) days have elapsed since the service of said notice and that adjustment or payment thereof has been neglected or refused by the defendant, Town of Allegany; that this action was commenced within one year and ninety (90) days after the happening of the event upon which the claim is based. ”
*463 The pertinent section of law is section 50-i of the General Municipal Law which reads: “ 1. No action * * * shall be prosecuted * * * against a * * * town * * * unless * * * (b) it shall appear by and as an allegation in the complaint or the moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused ’ ’.
Plaintiff has conceded that the summons and complaint was served after 29 days had elapsed following service of the notice of claim, instead of 30 days, as provided for in paragraph (b) above.
Although it is not claimed that plaintiff has failed to comply with section 50-e of the General Municipal Law, it is important this section and the many decisions in point be considered by the court in conjunction with the present motion. Subdivision 1 of section 50-e requires that a public corporation be given notice of claim within 90 days after the claim arises. The basic purpose of this section is to give a municipality the opportunity to make a prompt investigation of a claim.
There is no question that plaintiff complied with section 50-e in respect to the form and the timely service of the notice of claim upon the town and the condition precedent to establish the jurisdiction of the court was met.
Section 50-i of the General Municipal Law is not a notice statute as is section 50-e but one intended by the Legislature to give a municipality an opportunity to settle meritorious claims. Prior to 1959, when section 50-i was added, the statute (Town Law, § 67) provided that 15 days was sufficient for the period between the time the notice of claim was served and the time the action could be commenced. The statute now provides that it must be alleged in the complaint that at least 30 days have elapsed since the notice of claim. The purpose of the amendment as stated by the commission which drafted section 50-i was to “ clarify and make uniform existing provisions with respect to the filing of claims and the commencement of actions against municipal corporations.” (Emphasis supplied.)
It is the opinion of this court that section 50-i does not create a cause of action but is procedural in nature and therefore plaintiff’s failure to plead and to serve his complaint in strict compliance with section 50-i are not fatal defects and can be corrected by consent, waiver or estoppel provided there is a valid reason shown on the part of the plaintiff and the absence of prejudice to the defendant town.
In the case at bar, 29 days had elapsed from the date of the filing of the claim and the service of the summons and complaint *464 during which period the town had an opportunity to settle said claim. No evidentiary facts have been presented to this court that any attempt was made during these 29 days to settle said claim nor were any plans made by the defendant town to negotiate a settlement on the 30th day. In what manner was the town prejudiced?
Plaintiff’s attorney, on the other hand, explains that the complaint was served on the 30th day, not because of an error in computation, but because of his mistake and ignorance of the addition of section 50-i, with the recent change from 15 days to 30 days.
Despite the irregularity (one day), known from the very beginning to the town and so stated in open court, the defendant town interposed'an answer in which no mention- was made of this technical defense. Furthermore, extensive depositions of the road supervisor of said town were taken, a bill of particulars was served in accordance with demands made by the town, a security bond was demanded by said town and furnished; an agreement was entered into whereby the town’s attorney agreed to accept the plaintiff’s allegations contained in a bill of particulars in lieu of the necessity of an amended complaint; an order of consolidation was granted, a note of issue was served and filed, and it is expected that the action will be reached' for trial at a term of court scheduled to commence March 5, 1962.
There can be no dispute that section 50-i is intended for the benefit of the municipality in order to give it an opportunity to settle a pending claim. This the town has a right to enforce if it so desires, but public policy should not stand in the way of a waiver of that requirement. The town did at no time object to the manner and the time in which the summons and complaint had been served until after the Statute of Limitations (1 year and 90 days, § 50-i, subd. 1, par. [c]) had been tolled. The actions of the town during this period in participating without protest in all of the pretrial proceedings as enumerated herein-before must be deemed as a waiver of the statutory requirements.
Present here, in addition to an unequivocal waiver, are elements of estoppel as well as entrapment. (See Teresta v. City of New York, 304 N. Y. 440; Purdy v. City of New York, 193 N. Y. 521; Matter of Figueron v. City of New York, 279 App. Div. 771; Sweeney v. City of New York, 225 N. Y. 271, 273; Greguski v. Town of Oyster Bay, 19 Misc 2d 763; Bailey v. Village of Port Leyden, 31 Misc 2d 310.)
The court is aware of Thrall v. Cuba Vil. (88 App. Div. 410 [4th Dept., 1903]) where the court held “ that each require *465 ment must have been met before the plaintiff may commence his action at all.” That case may be distinguished in that no facts were presented there for a waiver or an estoppel such as are present in the case at bar.