Bert B. Lockwood, J.
Plaintiff is making claim against the defendant for damages as a result of a flood caused by the alleged negligence of the defendant which occurred on or about June 26, 1959. A notice of claim was filed on September 22, 1959. The summons and complaint was served on April 4, 1960 and a verified bill of particulars was served on May 2, 1960.
The plaintiff now asks to amend his notice of claim, complaint and bill of particulars as follows: to increase the amount of its claim for damage to patterns to $10,696.63, instead of $4,510, and to reduce its claim for loss of profit due to plant shutdown from $1,500 to $521 which, would result in an over-all increase in total damages from $15,970.20, to $21,177.83.
The moving papers contained an affidavit by plaintiff’s president, George P. Stanton, which states in substance among other things, that in making the original estimates, Stanton erred because he did not fully understand and was not aware of the full extent of the damage to the patterns or the actual cost of repairing them and, claimed that it had many hundreds of patterns which belonged to its customers which were stored in piles in various places in its plant and some were used often while others were not used for several years. Stanton’s affidavit further states that subsequent to May 1, 1960, it was discovered that a large number of patterns were found to be damaged in another part of the plaintiff’s foundry which the plaintiff had not previously discovered. Stanton’s affidavit does not indicate dates when the additional damage was discovered except subsequent to May 1, 1960, nor does it indicate when he caused a professional and detailed estimate to be made by an expert pattern maker and designer. The plaintiff further claims that no prejudice will result to the defendant in allowing the amendments requested. The defendant opposes plaintiff’s motion and claims the amendments requested are substantive in nature *555 and that defendant will be substantially prejudiced if the amendments are permitted.
This court is of the opinion that the failure of the plaintiff to correctly and accurately determine the amount of damage it suffered resulted through plaintiff’s own neglect and lack of diligence.
The court further finds the defendant has been deprived of the opportunity to inspect and examine the additional items plaintiff claims were damaged within a reasonable time after the occurrence and that the defendant will be substantially prejudiced if the amendments are permitted. The proposed amendments attempt far more than the remedying of a mere formal defect in the notice of claim served and are not such amendments as were intended under subdivision 6 of section 50-e of the General Municipal Law. (Gersyl Corp. v. City of New York, 10 Misc 2d 88, affd. 3 A D 2d 941.) Plaintiff’s motion is therefore denied.